Alan W. **BOUDREAU**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15537.

United States Court of Appeals Ninth Circuit.

Nov. 27, 1957.

J. J. Doyle, Edward J. Reidy, Jr., San Francisco, Cal., for appellant.

George C. Doub, Asst. Atty. Gen., Leavenworth Colby, Special Asst. to Atty. Gen., Keith R. Ferguson, Special Asst. to Atty. Gen., Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Lillick, Geary, Wheat, Adams & Charles, Mark Scott Hamilton, San Francisco, Cal., for appellee.

Before DENMAN, BARNES and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

Boudreau, a merchant seaman, appeals from the dismissal for lack of prosecution of his libel for personal injuries caused by appellee brought under 28 U.S.C. § 1916.

This libel was filed on May 5, 1954 in the United States District Court for the Northern District of California. Rule 14 of that court provides:

"Dismissal For Want Of Prosecution

"At a time fixed by the Court at least every six months, the Clerk in open court, under the supervision of the Master Calendar Judge, shall call all civil actions pending in which no steps have been taken for six months.

"Notice of the calling shall be mailed to all attorneys of record. If none of the parties nor their attorneys appear, or if good cause for the lack of prosecution is not shown, the Court may dismiss the action." West's Ann.Code.

Under this rule the case appeared on the dismissal calendar three times, December 30, 1954, August 31, 1956 and March 4, 1957, and was finally dismissed for lack of prosecution on March 11, 1957.

Appellant contends that the rule is invalid because inconsistent with Supreme Court Admiralty Rule 38 which he asserts provides the exclusive grounds for dismissal. It reads:

"Rule 38. Dismissal for failure to prosecute

"If, in any admiralty suit, the libellant shall not appear and prosecute his suit, and comply with the orders of the court, he shall be deemed in default and contumacy; and the court may, on the application of the respondent or claimant, pronounce the suit to be deserted, and the same may be dismissed with costs." 28 U.S.C.

He would have the rule interpreted to mean that if at any time he appeared *and did anything at all in the way of prosecuting his suit*, he could delay further prosecution for as long as he pleased and the district court could do nothing about it. We think the possibility of this

absurd claim makes the district court's Rule 14, just what the Supreme Court Admiralty Rule 44 contemplates. That rule reads:

"Rule 44. Right of trial courts to make rules of practice

"In suits in admiralty in all cases not provided for by these rules or by statute, the District Courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

We further hold that were Rule 14 of the district court not applicable under this set of facts the district court would have inherent power to dismiss a cause when the matter has become stale by virtue of inaction of the plaintiff. Boling v. United States, 9 Cir., 231 F.2d 926.

The appellant states that respondent's delay in answering contributed to the time interval of this case. This may be true as the answer was not filed until over a year after the libel was filed, but it is the plaintiff's duty to expedite the case to its final determination and if he allows delay in the filing of the answer he cannot complain of it. United States v. Pacific Fruit & Produce Co., 9 Cir., 138 F.2d 367, 372.

This case did not automatically appear on the dismissal calendar two additional times in the last two years only because libelant filed sham notices of taking depositions, one served on December 15, 1955, and the other on January 22, 1957. On the first deposition notice was given by the appellant's proctor that on December 22, 1955 the deposition of one Volpintesta would be taken at his office. When the Government's proctor attended at the noticed time he was told by Boudreau's proctor that he knew nothing about the matter. No reporter had been called nor was any present.

The second sham notice was for a deposition of one McGurty at the office of libelant's proctor at 9:30 A.M. January 28, 1957. After 9 o'clock on that morning the Government's proctor was told the deposition would not be taken.

Here, instead of the "gross abuse" of discretion we require for a reversal of a dismissal for want of prosecution,[1] the district court's discretion was exercised after the most careful investigation and fair treatment of the appellant by having his deposition taken, in which no excuse was shown for the purposeful delays.

The judgment is affirmed.

---

1. United States v. Pacific Fruit & Produce Co., 9 Cir., 138 F.2d 367, 372; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406.