**Clifford C. TERHUNE, Plaintiff,**

v.

**AMERICAN EXPORT LINES, INC., Defendant.**

United States District Court
S. D. New York.
August 20, 1958.

Jacob Rassner, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant, Walter A. Darby, Jr., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This action was dismissed for lack of prosecution without opposition by order of Chief Judge Knox on October 3, 1956 after having appeared and been adjourned on the dismissal calendar.

Now, almost two years later, plaintiff moves to vacate the order of dismissal and to extend his time to take further steps in the prosecution of the action.

The action is for personal injuries alleged to have been suffered aboard defendant's vessel the S. S. Expediter on April 17, 1952.

Plaintiff seeks to excuse his failure to oppose the dismissal or to take any action to vacate the order of dismissal until almost two years after it was entered. The excuse consists of insinuations that "representations" by defendant misled plaintiff's counsel into the belief that defendant was not the owner of the vessel on which the accident is alleged to have occurred. This is not borne out by the letter from defendant to plaintiff's counsel annexed to the moving papers, nor is it otherwise substantiated.

Indeed, the defendant denies categorically that it misled plaintiff in any way.

In fact, the defendant made it plain that it was the owner of the S. S. Expediter but asserted that this vessel had no connection with plaintiff's alleged injury. Certainly plaintiff and his counsel should and must have known on what ship he claimed to have been injured and should have taken whatever action was appropriate to protect his rights.

The papers submitted in support of this motion are wholly insufficient to show mistake, inadvertence, surprise or excusable neglect or fraud, misrepresentation or other misconduct of the adverse party within the meaning of Rule 60(b) (1, 3), F.R.Civ.P., 28 U.S.C.A. But even had there been such a showing plaintiff would have no right to the relief which he now seeks. A motion for relief from the order of dismissal for any of these reasons must be made "not more than one year after the judgment, order, or proceeding was entered or taken." (Rule 60(b); Note to Rule 21 of the General Rules of this court.) The one year limitation in Rule 60(b) has long since elapsed and the plaintiff's motion cannot now be granted.

Nor does Rule 6(b), F.R.C.P., aid the plaintiff, for the time to take action under Rule 60(b) may not be extended under Rule 6(b).

This case illustrates the soundness of the time limitation in Rule 60(b). The accident happened more than six and one-half years ago. It would place a difficult, if not impossible, burden on the defendant to require it to prepare a defense against the plaintiff's claims at this late date.

Plaintiff's motion is in all respects denied.