**Arcadio FLORES, Libelant,**

v.

**THE Steamship "SS GEORGE LYKES", her engines, boilers, etc. and Lykes Bros. Steamship Co., Inc., Respondent.**

**Arcadio FLORES, Libelant,**

v.

**THE Steamship "SS NANCY LYKES", her engines, boilers, etc. and Lykes Bros. Steamship Co., Inc., Respondent.**

**Nos. 39–59, 40–59.**

United States District Court
D. Puerto Rico,
San Juan Division.

Feb. 16, 1960.

Golenbock & Nachman, Stanley L. Feldstein, San Juan, P. R., for libelant.

Hartzell, Fernandez & Novas, San Juan, P. R., for respondent.

RUIZ-NAZARIO, District Judge.

These two actions are now before the Court on respondent's motions to dismiss the libels on the ground that the matters alleged in them are res adjudicata between the libellant and the respondent (who are the same in both cases), for the reasons set out in Respondent's Amended Answers to the libels.

Counsel for the parties were heard at the motion day call held on January 8, 1960 and memoranda in support of their respective positions have been filed.

After due consideration of the pleadings, the records of Civil cases Nos. 197–57 and 198–57 of this Court both entitled Arcadio Flores, plaintiff v. Lykes Bros. Steamship Company Inc., defendant, of the memoranda of counsel and the law on the subject, the court is fully advised in the premises.

### I

The factual situation existing herein, is as follows:

The now libellant, in these two actions, Arcadio Flores, had previously filed in

the United States District Court for the Southern District of New York, two civil actions against the now respondent, Lykes Bros. Steamship Co. Inc. claiming damages for injuries allegedly sustained by him on April 7, 1953 and in August 7, 1954 while working on board the "SS George Lykes" and the "SS Nancy Lykes" respectively. Both said actions were brought under the Jones Act (46 U.S.C.A. § 688) and the general maritime laws of the United States and Arcadio Flores, as plaintiff therein, charged unseaworthiness of the vessels, unavailability of a safe place to work, and the negligence of the master, crew and agents of the defendant as the cause of his accidents and of the damages claimed by him, as fully set out in the complaints therein.

On motion of the defendant both actions were transferred to this court where they were assigned Nos. 197–57 and 198–57 Civil.

The defendant in both said actions, respondent here, served notices for the taking of depositions of the therein plaintiff, Arcadio Flores, the present libellant. He and his attorneys failed to appear at the place and date fixed for the taking of the depositions. Defendant then filed with this court, motions under Rule 37(d) of the F.R.Civ.P., 28 U.S.C. A., to dismiss the actions for plaintiff's failure to appear at the taking of such depositions. Notice of said motions was given to plaintiff's counsel of record in both cases.

The motions came up for hearing before this court on December 6, 1957 and Samuel M. Cole, Esq., one of the attorneys for the plaintiff in said actions personally appeared at said hearing and objected to the granting of the dismissals. The Court, at said hearing, granted the plaintiff an additional period of 30 days within which to appear for the taking of the depositions, defendant's motions to dismiss having been left in abeyance.

Neither the plaintiff in said actions, the herein libellant Arcadio Flores nor his attorneys took any action to comply with the aforesaid order or ever appeared for the taking of said depositions.

In view of said plaintiff's contumacy in not obeying orders of the Court and in failing to appear for the taking of depositions within the additional period granted therefor, the Court by its orders of February 27, 1958, granted the defendant's motions to dismiss and ordered that the complaints in both cases, be, as they were dismissed with costs to be taxed against the plaintiff, pursuant to Rule 41(b) of the F.R.Civ.P.

No appeal was taken from said orders in any of the two cases.

On March 20, 1958, Samuel M. Cole, Esq., one of the attorneys for the plaintiff in both cases entered a consent to his substitution by Jerome Golenbock, Esq. and Stanley Feldstein, Esq. as attorneys for the plaintiff in both cases.

On December 9, 1958, Stanley L. Feldstein, as one of the substitute attorneys for the plaintiff in both cases, filed a motion requesting that the orders of February 27, 1958 dismissing both actions be vacated and that plaintiff be "permitted to amend the complaint and transfer the action to the Admiralty side". Defendant objected to said motions and after a hearing thereon the same were denied by orders of January 20, 1959.

No appeal was ever taken from said orders.

The Court in its dismissal orders of the aforesaid cases pursuant to Rule 41(b) of the F.R.Civ.P. did not specify that the dismissals were to be without prejudice and, therefore, such dismissals operated as adjudications upon the merits of each of the two actions, as further provided in said rule.

On February 26, 1959, i. e. one year after the orders of dismissal in Civil Nos. 197–57 and 198–57, the present actions in Admiralty, in the United States District Court for the Southern District of New York, in which the former plaintiff in said Civil Actions, Arcadio Flores, appears as the libellant, and the former

defendant in said two civil actions, Lykes Bros. Steamship Co., Inc., and its respective vessels the S.S. George Lykes and the S.S. Nancy Lykes, appear as the respondent, were filed. The libels in these two actions in admiralty are based on the same facts and claim damages allegedly sustained by libellant due to the same charges of unseaworthiness, unavailability of a safe place to work and negligence, which had been alleged and were the subject of the claims formerly made by the now libellant, Arcadio Flores as the then plaintiff in the dismissed Civil Actions No. 197–57 and No. 198–57 of this court against the there defendant Lykes Bros. Steamship Co. Inc., respondent herein.

The respondent herein timely filed in the United States District Court for the Southern District of New York its motions in both admiralty actions moving for the dismissal of the libels herein alleging that the libellant is estopped from prosecuting these two actions because of the former dismissal of the two previous civil actions and requesting, in the alternative, that these be transferred to this court. Libellant consented to the latter, and both actions were transferred to this court and given Admiralty Nos. 39–59 and 40–59.

On November 25, 1959 respondent filed in this court amended answers to both libels, in which, as one of its affirmative defenses, it raised the following:

"Twenty-third: That heretofore, on or about March 30, 1956 the libellant herein brought an action in the United States District Court, Southern District of New York, against Lykes Bros. Steamship Co., Inc., the respondent mentioned herein for the same cause of action as is alleged in the libel herein, and thereafter by order dated June 23, 1957 said action was duly transferred to this Court and subsequently was duly dismissed on the merits against the libellant herein by an order of this Court dated February 27, 1958 (Arcadio Flores v. Lykes Bros. Steamship Co., Inc., Civil 198–57), and the matters and things above set forth

which were adjudged and decreed in that order, were and are res judicata between the libelant and the respondent in this case".

On December 9, 1959, respondent filed in these two actions a notice addressed to counsel for libelant that it would move the court on the 18th of December 1959, at 9:30 o'clock in the morning, or as soon thereafter as counsel could be heard, for orders dismissing the libels on the ground that the matters alleged in said libels are res adjudicata between the libellant and respondent for the reasons stated in the above quoted affirmative defense of its amended answers to the libel.

It was pursuant to said notice that the court heard the parties on the matter now under submission on January 8, 1960, as firstly above stated.

II

Libellant's position on the question before the court is, that inasmuch as these two new actions are actions in admiralty, and as under Admiralty Rule No. 38, 28 U.S.C.A., a dismissal, for lack of prosecution and failure to comply with the orders of the court has been held not to be an adjudication on the merits, this Court is required to hold that the dismissal of the two previous civil actions under Rule 41(b) of the F.R.Civ.P. was not an adjudication on the merits.

■ This contention of the libellant is untenable.

■ The court cannot apply the Admiralty Rules in determining the scope and the legal effect and operation of the Federal Rules of Civil Procedure in actions governed by the latter.

■ Libellant herein, Arcadio Flores, as plaintiff in the two former civil actions, chose to sue at law and enjoy all the rights granted to him in said type of actions, among these the right to a trial by jury and all others afforded him by the FRCP. He failed to comply with said rules, by not complying with the orders of the Court and by not being dili-

gent in prosecuting said former civil actions, and these were dismissed under Rule 41(b) of said F.R.Civ.P, pursuant to which such dismissals operated as adjudications upon the merits. This court has so held, previously, in Bartfield v. Parkhurst, D.C., 117 F.Supp. 82.

■ He never sought to obtain a review of this court's orders of dismissal in the aforesaid civil actions.

In his motions in said actions in which he requested that said orders of dismissal be vacated he also asked leave to file amended complaints and to transfer the actions to the admiralty side. This was also denied and he did not seek review of said denials.

He has no standing now to question the legal effect and operation of said orders of dismissal and this constitute res adjudicata of the matters of which he complains in his present libels.

See: Fischer v. Dover S.S. Co., U.S. D.C.E.D.N.Y., 121 F.Supp. 528, and its affirmance in 2 Cir., 218 F.2d 682; Mooney v. Central Motor Lines, 6 Cir., 222 F.2d 569 and 572. Hubbard v. Baltimore & Ohio Railroad Company, 6 Cir., 249 F.2d 885.

It is of no concern that if Flores had originally chosen to bring his actions in admiralty, losing thereby his right to a jury trial, and the actions had been dismissed under Admiralty Rule 38, such dismissal would not have operated as an adjudication on the merits. He did not do this and cannot now complain of errors of advocacy of his attorneys at the time.

He had his bite from the cherry when he sued at law and now he cannot complain of not being permitted to have a second bite therefrom.

These actions must be, therefore, dismissed, on the grounds of libellant's estoppel to bring the same and because the orders of dismissal entered in Civil Actions Nos. 197–57 and 198–57 of this Court are res adjudicata of the matters alleged in the libels in the two admiralty actions herein.

It is so ordered.