Clifford C. TERHUNE, Libelant-Appellant,

v.

PRUDENTIAL STEAMSHIP CORPORATION, Respondent-Appellee.

No. 41, Docket 26199.

United States Court of Appeals Second Circuit.

Argued Oct. 5, 1960.

Decided Oct. 31, 1960.

468

See also, D.C., 174 F.Supp. 935.

Jacob Rassner, New York City (Theodore H. Friedman, New York City, of counsel), for libelant-appellant.

Stapleton, Flynn & Lilly, New York City (George Sullivan, New York City, of counsel), for respondent-appellee.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Libelant-appellant was allegedly injured on April 17, 1952. His libel was filed in the Southern District of New York on February 16, 1956. Respondent-appellee filed exceptions on March 13, 1956. On May 28, 1958 Judge Bryan ordered that libelant file a Note of Issue within 90 days; otherwise the action was to be dismissed without further notice. Although this order was not complied with and no Note of Issue was filed the libel was not then dismissed. One year later, on May 25, 1959, a notice of examination before trial was filed. On May 28, 1959 Judge Ryan ordered that if the case did not appear on the trial calendar within 30 days thereafter the action would be dismissed without further notice. Libelant then moved to strike respondent's exceptions to the libel. This motion was granted by Judge Dawson on July 21, 1959. Thereafter respondent filed an answer to the libel, examined the libelant before trial by oral deposition, and served a demand for answer to written interrogatories, allegedly voluminous, which appellant did not answer until January 6, 1960. On oral deposition libelant testified that he was injured on the SS Paul Revere, not on the S.S. Expediter as alleged in his libel. On November 6, 1959 Judge Ryan dismissed the action for lack of prosecution. Libelant moved to vacate the November 6 order of dismissal. In opposition to this motion re-

spondent reiterated the assertion previously advanced in its exceptions and pleaded in its answer that it had "never owned, operated, managed, controlled, or in any way had anything to do with the S.S. Expediter." The motion to vacate was denied on January 12, 1960, since it appeared to be "undisputed that respondent is not liable." Libelant appeals.

 Admiralty Rule 38, 28 U.S.C.A., gives the trial court power to dismiss a libelant's case for failure to prosecute. The district courts may implement this rule by their own calendar practice. Boudreau v. United States, 9 Cir., 1957, 250 F.2d 209. And see General Rule 21 of the United States District Court for the Southern District of New York. Cases are legion that in the absence of a clear abuse of discretion the lower court's dismissal of an action for failure to prosecute will not be reversed by a Court of Appeals. See, e. g., Slavitt v. Meader, 1960, 107 U.S.App.D.C. 396, 278 F.2d 276, 277; Darlington v. Studebaker-Packard Corp., 7 Cir., 1959, 261 F.2d 903, 905, certiorari denied 1959, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980; Edmond v. Moore-McCormack Lines, 2 Cir., 1958, 253 F.2d 143, 144, certiorari denied 1958, 358 U.S. 848, 79 S.Ct. 73, 3 L.Ed.2d 82; Boudreau v. United States, supra, 250 F.2d at page 211; Boling v. United States, 9 Cir., 1956, 231 F.2d 926, 927; Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406, 409. In light of the overall long delay, and delay between orders, Judge Ryan's dismissal order would appear to be justified, and it certainly cannot be characterized as an abuse of discretion.

 When asked to reinstate a moss-covered libel which had been dismissed for unexplained lack of prosecution after successive restrictive orders, the judge may properly require firm assurances that the alleged cause of action is one for which the respondent is liable. In view of libelant's uncertainty as to the ship upon which he was allegedly injured, the uncertainty as to ownership of the S.S. Expediter, and the delay in prosecuting the case, Judge Ryan could properly infer that libelant could not finally prevail. And this inference had greater force in view of the situation disclosed in Terhune v. American Export Lines, Inc., D.C.S.D.N.Y.1958, 24 F.R.D. 70, affirmed 2 Cir., 1959, 271 F.2d 127, in which it appeared that in August 1958 a libel brought in the Southern District of New York against American Export Lines as owner of the S.S. Expediter to recover damages from an accident occurring on April 17, 1952 had been dismissed. The history of that litigation may well have confirmed the judge here in his conclusion that the respondent below was not liable and should not be subjected to further annoyance and expense on account of this litigation.

Affirmed.