Francesco Gonzalez PROL, Libelant,

v.

HOLLAND–AMERICA LINE and S. S. STATENDAM, Respondents.

United States District Court
S. D. New York.

Sept. 18, 1964.

Thomas J. Brady, New York City, for libelant.

Burlingham, Underwood, Barron, Wright & White, New York City, Wil--

liam M. Kimball, New York City, of counsel, for respondents.

TENNEY, District Judge.

Respondent moves herein for an order dismissing the libel on grounds of *res judicata* or, alternatively, for failure to state valid claims.

This is a seaman's action brought in admiralty.

Libelant, a citizen of Spain, sues respondent, a foreign shipowner and Dutch corporation, and its vessel, S.S. STATENDAM, for injuries arising from breach of warranty of seaworthiness allegedly sustained in two separate accidents. The accidents allegedly occurred on February 7, 1961, while the vessel was in the port at Hoboken, New Jersey, and on December 20, 1961, while the vessel was on the high seas en route between New York and San Juan, Puerto Rico.

The respondent vessel is of Dutch registry and sails under the Dutch flag. The libelant signed Dutch Articles in Rotterdam, Holland, for round-trip voyages beginning and terminating in Holland.

The instant action was commenced on July 19, 1963.

By a libel, filed in this Court on April 27, 1962, libelant instituted a similar suit against the respondents named herein (62 Ad. 463). On or about June 1, 1962, respondent Holland-America Line moved to dismiss the libel on the ground *inter alia* that it failed to state a valid claim in that libelant had failed to plead with particularity the Dutch substantive law upon which his claims were of necessity based.

By an opinion dated September 27, 1962, the Honorable Thomas F. Croake granted respondents' motion to dismiss with leave to serve an amended libel within fifteen days from September 28, 1962, the date of the filing of the opinion. (1962 A.M.C. 2566 (S.D.N.Y. September 27, 1962)).

No amended libel was served within the time specified by Judge Croake.

The case was called on the Review Calendar held on June 20, 1963, pursuant to Rule 23 of the General Rules of United States District Courts for the Southern District and Eastern District of New York.

Judge McGohey, presiding over the Review Calendar, by an order dated June 21, 1962, after observing that an amended libel had not been filed, nor anything done in connection with Judge Croake's order of September 27, 1962, dismissed the case in the following language:

"Accordingly, the case is dismissed for failure to prosecute."

Thereafter, on or about September 10, 1963, libelant moved to vacate or modify the aforesaid dismissal order. Chief Judge Ryan, before whom the motion was heard, by an order dated September 13, 1963, denied the motion. The instant libel was filed on July 19, 1963.

Respondent, in support of its motion to dismiss on the grounds of *res judicata*, argues as follows:

Rule 41(b) of the Federal Rules of Civil Procedure provides that, unless the Court in its dismissal order otherwise specified, "any dismissal not provided for in this rule * * * operates as an adjudication upon the merits."

Since Judge McGohey's dismissal order did not otherwise specify, respondent asserts it "operates as an adjudication upon the merits" under Rule 41(b).

Respondent then argues that the within libel, being identical to the one dismissed, is barred on the grounds of *res judicata* by the prior dismissal which, under Rule 41(b), is an adjudication on the merits.

Rule 23 of the General Rules of this Court provides:

"Rule 23—Review of Causes; Dismissal for Want of Prosecution.

"Causes which have been pending for more than (Southern) one year [(Eastern) six months] and are not on the trial calendar may be called for review upon not less than fifteen (15) days' notice given by the clerk by mail addressed to the attorneys or proctors of record. Notice of the call of such causes shall be published in the New York Law Journal,

or otherwise as the court directs. The court may thereupon enter an order dismissing the cause for want of prosecution, or continuing it, or may make such other order as justice may require."

If the Court were to apply Rule 41(b) to the instant action, it would appear that respondent's position is well taken. See, e. g., Kern v. Hettinger, 303 F.2d 333, 340 (2d Cir. 1962); American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571, 572 (1944); Hartford Acc. & Indem. Co. v. Levitt & Sons, Inc., 24 F.R.D. 230, 232 (E.D.Pa.1959); Van Brode Milling Co. v. Kellogg Co., 113 F.Supp. 845, 847 (D. Del.1953); Larsen v. O'Reilly, 11 F.R.D. 604 (S.D.N.Y.1951); 5 Moore, Federal Practice ¶ 41.11 (1951); cf., Link v. Wabash R. R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), affirming, 291 F.2d 542 (7th Cir. 1961); Nasser v. Isthmian Lines, 331 F.2d 124 (2d Cir. 1964).

However, I question the applicability of Rule 41(b) of the Federal Rules of Civil Procedure to the instant suit, in admiralty, wherein the dismissal of the prior libel for failure to prosecute did not specify whether it was with or without prejudice.

Rule 81 of the Federal Rules of Civil Procedure provides that:

"[t]hese rules do not apply to proceedings in admiralty."

This rule, of course, has been modified by the Supreme Court's incorporation of certain features of the Civil Rules into the Admiralty Rules, and judicial construction, construing Admiralty Rules in the same scope as their identical counterparts in the Civil Rules. See 7 Moore, Federal Practice, ¶ 81.03 [1] (1955) and cases cited therein; 2 Moore, Federal Practice, ¶ 1.03 [5] (1963) and cases cited therein.

Rule 41(b) has been applied in admiralty actions in this Circuit but under distinguishable circumstances. In Murphy v. A/S Sobral, 187 F.Supp. 163 (S.D. N.Y.1960), a prior action brought on the law side of the Court had been dismissed as being untimely, both under an analogous state statute of limitations and the admiralty doctrine of laches. Murphy v. International Freighting Corp., 182 F. Supp. 636, 638 (D.Mass.), aff'd, 283 F.2d 392 (1st Cir. 1960) (Per curiam). In the suit brought in the Southern District of New York, 187 F.Supp. 163, on the admiralty side of the Court, the respondent corporation pleaded the prior dismissal as being *res judicata*. The Court, after noting that a prior rule was to the contrary, held that the prior dismissal at law based on laches, which did not otherwise specify, operated as an adjudication on the merits under Rule 41(b), id. at 164.

■ The doctrine of laches involves tardiness in the institution of suit and possible prejudice resulting to a respondent by reason of the delay. See McMahon v. Pan American World Airways, Inc., 297 F.2d 268, 269 (5th Cir. 1962); South Carolina State Highway Dept. v. The Fort Fetterman, 148 F.Supp. 620, 622 (E.D.S.C.1956), aff'd, 242 F.2d 799 (4th Cir. 1957) (Per curiam). In deciding the question of timeliness of suit there is no federal statute of limitations, and though a maritime case be brought on the civil side of the Court, the proper measure of time is the admiralty doctrine of laches. But in deciding whether the suit is timely the "courts of admiralty will use local limitation statutes as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay. If the statute has run, prejudice by reason of inexcusable delay is presumed * * *." Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2d Cir. 1958).

■ While the question of laches and/or limitation of action involves the institution of suit and service of process (California Cas. Indem. Exch. v. United States, 74 F.Supp. 408 (S.D.Calif.1947), once suit is brought it may subsequently be dismissed for failure to prosecute, pursuant to Rule 38 of the Rules of Practice in Admiralty and Maritime Cases (hereinafter referred to as Admiralty Rules). United Nations Relief & Re-

habilitation Administration v. The Mormacmail, 99 F.Supp. 552 (S.D.N.Y.1951).

The Sobral case, supra, wherein the prior action at law was dismissed for failure timely to institute suit under the doctrine of laches and Rule 41(b) applied, is not controlling in the situation herein for a more compelling and basic reason. Whereas the courts have applied Rule 41(b) to interpret dismissals in maritime actions for laches for want of any different admiralty rule, as far as dismissals for failure to prosecute are concerned the Supreme Court has enacted Admiralty Rule 38.

Rule 38 provides:

"If, in any admiralty suit, the libellant shall not appear and prosecute his suit, and comply with the orders of the court, he shall be deemed in default and contumacy; and the court may, on the application of the respondent or claimant, pronounce the suit to be deserted, and the same may be dismissed with costs."

Thus the sole issue before this Court is whether, in interpreting a dismissal which does not specify whether it is with or without prejudice, pursuant to Local Rule 23, the Court, in a suit in admiralty, should look to the Federal Rules of Civil Procedure and apply Rule 41(b) or should look to the Admiralty Rules and apply Rule 38.

The Court of Appeals for this Circuit, in Terhune v. Prudential S. S. Corp., 283 F.2d 467 (2d Cir. 1960) (Per curiam), a suit in admiralty, discussed the power of the district court to dismiss a suit in admiralty for failure to prosecute pursuant to Local Rule 21 (now Rule 23). The Court, after reviewing the delays, which I might observe were more flagrant than those in the case at bar, held that "Admiralty Rule 38, 28 U.S.C.A., gives the trial court power to dismiss a libelant's case for failure to prosecute. The district courts may implement this rule by their own calendar practice. Boudreau v. United States, 9 Cir., 1957, 250 F.2d 209. And see General Rule 21 of the United States District Court for the Southern District of New York." Id. at 469.

The dismissal in the Terhune case was entered on the mimeographed *pro forma* order form, prepared by the Clerk's Office, which specifies that the dismissal is without prejudice. However, the case is significant in that the Court, in an admiralty suit, found the power to dismiss for failure to prosecute not in Rule 41(b), as it could very easily have done [see cases cited at page 533, supra] but rather in Admiralty Rule 38 and then proceeded to hold that the courts may implement the Admiralty Rule by local calendar rules, which this District has done by Rule 23.

After exhaustive research I have been unable to find an admiralty case, dismissed "for failure to prosecute", which applied Rule 41(b) holding that the failure to specify without prejudice means that the dismissal is with prejudice.

However, there are decisions in suits in admiralty which have not only applied Rule 38 of the Admiralty Rules to an interpretation of local rules concerning dismissal for failure to prosecute (see Terhune, supra) but which have gone on to hold that, in the absence of a specification that the dismissal is with prejudice, it is without prejudice since Rule 38 of the Admiralty Rules is inapposite to Rule 41 (b) of the Civil Rules.

Miller v. Standard Oil Co., 104 F.Supp. 946 (N.D.Ill.), aff'd, 199 F.2d 457 (7th Cir. 1952), cert. denied, 345 U.S. 945, 73 S.Ct. 836, 97 L.Ed. 1370 (1953), was a suit in admiralty for maintenance and cure. A prior action for the same claim had been dismissed for want of prosecution. The order dismissing the action did not specify that it was without prejudice. In the second suit respondent pleaded the prior dismissal as a bar, citing Rule 41 (b) of the Federal Rules of Civil Procedure.

The Court initially observed that at "common law, a judgment of 'non prosequitur' was not an adjudication upon the merits, and consequently did not operate as a bar to a subsequent action on the

same claim." Id. at 948. The Court then discussed the law, prior to the adoption of the Federal Rules, which was uniformly in accord with the common law rule.

The Court, in construing the effect of Rule 38 of the Admiralty Rules and Rule 41(b) of the Civil Rules, stated:

> "Any attempt to construe an order of dismissal for want of prosecution, entered in accordance with a procedural rule or statute, as an adjudication on the merits and consequently, a bar to a subsequent action, derogates from the common law. In the determination of the validity of such a construction, one must look to the applicable rule or statute for support; and, since such a construction is in derogation of the common law, the rule or statute will be construed strictly and literally.

> "An examination of Rule 41(b) of the Federal Rules of Civil Procedure reflects that a dismissal for want of prosecution is an adjudication upon the merits unless otherwise specified by the Court. The intent of the drafters of this rule to bestow upon such an order of dismissal a much greater effect than it enjoyed at common law or in the Federal courts prior to the adoption of the rules is evidenced by a simple, unambiguous statement, setting out this special provision.

> "A similar examination of Rule 38 of the Rules of Practice in Admiralty and Maritime Cases fails to disclose any such provisions. A dismissal for want of prosecution in accordance with Rule 38 places the libelant in default with respect to the dismissed suit; nothing is said as to the effect of such dismissal upon a subsequent action. In view of the absence of any special provision to this effect in Rule 38—namely such a provision as is found in Rule 41(b) of the Rules of Civil Procedure—it is reasonable to infer that the drafters of Rule 38 of the Admiralty Rules did not intend that the effect of an order of dismissal under its provisions should

in any way differ from the effect of a similar order under the common law. Consequently it is the view of this Court that the effect of an order of dismissal for want of prosecution under Rule 38 must be judged in the light of the decisions at common law and in the Federal Courts prior to the adoption of the Federal Rules of Civil Procedure. As stated previously, it was repeatedly held under those decisions that an order of dismissal for want of prosecution did not constitute a bar to a subsequent action because there had been no adjudication upon the merits. Accordingly, the dismissal of the libelant's prior suit in admiralty for want of prosecution does not bar this action. The respondent's defense of res judicata is overruled." Id. at 948–949.

Accord, Flores v. S.S. George Lykes, 181 F.Supp. 53, 57 (D.Puerto Rico 1960); 2 Benedict, Admiralty § 319 (1940); see Gray v. South Atlantic S.S. Line, Inc., 21 F.R.D. 578 (D.Del.1958).

Thus I am of the view that, in admiralty actions, Rule 23 of the General Rules of this Court is to be construed in conjunction with Rule 38 of the Admiralty Rules rather than Rule 41(b) of the Federal Rules of Civil Procedure, and that a dismissal for want of prosecution in a suit in admiralty is without prejudice unless otherwise specified in the order of dismissal.

I might observe parenthetically that a reading of Chief Judge Ryan's order refusing to vacate the order of dismissal indicates that his decision was based in part on his belief that the prior dismissal was without prejudice. Thus, in his endorsement of denial, he stated:

> "Libelant has presented no facts which would allow this Court to vacate the dismissal order entered on June 21, 1963. Libelant allowed nine months to pass without making any effort to comply with the provisions of the opinion of September 27, 1962. *Libelant filed an identical libel (63 Ad. 814) on July 19, 1963,*

*which is still pending."* (Emphasis added)

■ Accordingly, respondent's motion to dismiss the libel on grounds of *res judicata* is in all respects denied.

Respondent also moves herein to dismiss the libel for failure to state valid claims. Presumably the motion, similar to that made and granted in 62 Ad. 463, attacks the sufficiency of the libel in that the cause of action is governed by Dutch law and libelant has failed to plead that law as required by Rule 22 of the Admiralty Rules.

The libel filed in 62 Ad. 463 asserted that the allegations contained therein were "within the Admiralty and Maritime jurisdiction of the United States." As to that allegation, Judge Croake held that Dutch substantive law governed the cause of action and that libelant had failed to plead that law with specificity. He accordingly granted the motion to dismiss with leave to amend. (1962 A.M.C. at 2569).

The instant libel, viz., 63 Ad. 814, asserts that the allegations contained therein are "within the maritime law under Holland, or otherwise known as the Netherlands and under General Maritime Law of United States and amendments thereto, those section [sic] of the Jone [sic] act that are applicable", and libelant pleads for leave to refer at trial to the sections of the Dutch law specifically relied upon.

■ As to the allegation that the cause of action is under the General Maritime Law of the United States and those sections of the Jones Act that are applicable, Judge Croake's prior opinion would appear to be dispositive. Thus, citing Romero v. International Terminal Operating Co., 358 U.S. 354, 381–384, 79 S.Ct. 468, 3 L.Ed.2d 368 (1958), and Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1952), Judge Croake held that "libelant's claim must be governed by Dutch substantive law and not by the general maritime law of the United States." Ibid. Nor, under the two cases cited supra, is the case governed by the Jones Act. Thus I am in accord with Judge Croake's disposition of that contention.

In the instant libel, libelant has pleaded that the cause of action is "within the admiralty and maritime law under Holland, or otherwise known as the Netherlands." While he has cured one aspect of the defect noted by Judge Croake, in that he has now based his cause of action on the proper law, he has nonetheless failed to plead that law with the specificity required.

■ It is well established that foreign law is a matter of fact which must be pleaded and proved with definiteness. See, e. g., Evangelinos v. Andreavapor Cia. Nav., S.A., 291 F.2d 624, 625 (2d Cir. 1961); Fernandez v. Linea Aeropostal Venezolana, 156 F.Supp. 94, 98 (S.D.N.Y.1957).

In the case last cited, in an allegation similar to the one in the case at bar, the libel alleged "[t]hat a cause of action has been afforded the libelants herein under the statutes and laws of the foreign state of Venezuela." Id. at 98. Judge Dawson dismissed the libel with leave to amend alleging the text or substance of the foreign law relied upon.

Judge Weinfeld, presented with an allegation that the libelant's right to sue " 'is provided pursuant to the provisions of * * * the laws of France' ", dismissed the libel with the following observation:

"Foreign law is a matter of fact which must be pleaded and proved. The mere allegation [set forth supra] * * * is not sufficient compliance with this rule. The libelant may not rely upon such a conclusory allegation as to the effect of the foreign law but must set forth its substance." Iafrate v. Compagnie Generale Transatlantique, 106 F.Supp. 619, 622 (S.D.N.Y.1952).

■ Libelant has set forth in his affidavit the strenuous efforts he has made to obtain a copy of the Dutch Seamen's Law. He has now obtained such a copy. The remaining problem is to translate it.

and set forth either the text or the substance of the subdivisions upon which he grounds his cause of action. Libelant has had since April 27, 1962, to ascertain and properly plead his cause of action. Since he has a copy of the proper law, there would appear to be no reason why the remaining tasks cannot be done expeditiously.

Accordingly, the within libel is dismissed—with leave, however, to the libelant to file an amended pleading within sixty (60) days of the entry of the order to be entered herein, which amended pleading shall set forth the text or the substance of the foreign law on which his cause of action is of necessity based. If, within that time, an amended libel is not filed herein, upon the filing of an affidavit of non-compliance the within action will be dismissed with prejudice.

Settle order on notice.