**William P. KENNEY, Appellant,**

v.

**CALIFORNIA TANKER COMPANY,**
**a Delaware Corporation.**

**No. 16488.**

United States Court of Appeals
Third Circuit.

Argued June 9, 1967.

Decided July 28, 1967.

Rehearing Denied Aug. 30, 1967.

Henry A. Wise, Jr., Wise & Suddard, Wilmington, Del., for appellant.

Rodney M. Layton, Richards, Layton & Finger, Wilmington, Del. (David T. Dana, III, Wilmington, Del., on the brief), for appellee.

## OPINION OF THE COURT

Before STALEY, Chief Judge, KALODNER, Circuit Judge, and SHERIDAN, District Judge.

STALEY, Chief Judge.

The issue presented in this appeal is whether the district court erred in dismissing with prejudice a libel in admiralty because of libellant's failure to take any action in the case for one year. After a hearing to determine whether the libellant had good reason for his inaction, the district court dismissed the libel and denied the libellant's motion for reargument. We have thoroughly reviewed the record and conclude that the district court properly exercised its power in dismissing the case.

On October 29, 1962, libellant filed a libel in personam with interrogatories attached. Respondent filed its answer to the libel and answers to the interrogatories on January 16, 1963.

No further action appears on the docket until October 9, 1964, when the district court, sua sponte, ordered that the libel would be "dismissed pursuant to Rule 12 of this court" unless good reason for the lack of action in the case for one year were shown at a hearing.[1] About one week later, the libellant filed a motion to have the respondent more fully answer one of the original interrogatories. The same day, the libellant made a request of the respondent for admissions of fact. Respondent replied to the request for admissions, but it refused to answer more fully the interrogatory on the basis that the original answer was sufficient. The libellant did not bring the motion on the interrogatory before the court for a hearing, nor was the action dismissed at that time.

About one year later, on October 25, 1965, libellant again filed a motion to compel a full answer to the disputed interrogatory, but again, no effort was made to bring the matter before the district court.

Finally, on November 1, 1966, the district court entered another order that the court, "sua sponte, will dismiss the action with prejudice under F.R.Civ.P. 41 (b) and Rule 12 of this District" unless the libellant could establish at a hearing good reason for its inaction since October 25, 1965. Characteristically, libellant filed three days later a new motion to compel an answer to the disputed in-

1. Rule 12 of the United States District Court for the District of Delaware provides:

"Dismissal of Actions for Failure to Prosecute.

"Subject to the provisions of Rule 23(c), F.R.Civ.P., in each cause pending, wherein no action has been taken for a period of one year, the Court may, on its own motion or upon application of any party and after reasonable no-

tice, enter an order dismissing such cause unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application for dismissal has been filed, no application for a continuance or any proceeding taken under the discovery rules, F.R.Civ.P., shall be deemed to toll the application of this Rule."

terrogatory. A hearing on the proposed order to dismiss was held on November 10, 1966, and orders dismissing the suit and denying libellant's post-hearing motion for reargument were entered on November 16, 1966.

The libellant argues that although the court could have dismissed the case for failure to prosecute without relying on any rule other than its inherent power, here the court erred because it felt compelled to dismiss under F.R.C.P. 41(b) and Local Rule 12. This is said to be error because neither of these rules applied to this admiralty action until July 1, 1966, when the Admiralty Rules were amended to conform with civil practice. 383 U.S. 1039 (1966). Thus libellant argues that the application of the rules is "retroactive" and violates both due process and the Supreme Court's order that the new rules not be applied in pending cases where their application "would work injustice." 383 U.S. 1031 (1966).

 This argument is totally without substance. Under the formerly applicable Admiralty Rule 38, the trial court was empowered to dismiss a libellant's case for failure to prosecute. The district courts could implement this rule by their own calendar practice. Boudreau v. United States, 250 F.2d 209 (C.A.9, 1957). The fact that Admiralty Rule 38 provides for dismissal upon the respondent's motion, as does F.R.C.P. 41(b), would not preclude the district court from dismissing sua sponte. As was said in Link v. Wabash R. R., where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734

(1962). This power necessary to the court to control its docket is no less necessary on the Admiralty side, and there are no policy reasons compelling us to find that language of Admiralty Rule 38 authorizing an involuntary dismissal on the respondent's motion should give rise to the negative implication that the court could not dismiss sua sponte where no implication arises under the analogous F.R.C.P. 41(b). Thus, there could be no prejudice to the instant libellant from the application of F.R.C.P. 41(b) or Local Rule 12 because the same rule on dismissal for want of prosecution would obtain under the former Admiralty Rule 38. Boudreau v. United States, supra; Terhune v. Prudential S. S. Corp., 283 F.2d 467 (C.A.2, 1960).

Finally, libellant asserts that even if the district court had the power to dismiss his suit with prejudice, the instant dismissal was an abuse of discretion. In support of this he urges that due to the type of injury complained of, he could not yet get a competent doctor to express a reasonable opinion about it, although he still had discovery pending. It is true that the injury is novel: libellant asserts that while on board respondent's vessel, he caught his penis in the zipper of his fly, the resulting abrasion became infected, and the respondent breached various duties to him by failing to put him ashore at a place where he could secure competent medical attention. Libellant did receive maintenance and cure for a few months after the injury in 1960.

 We recognize, as did the district court, that as a seaman, the libellant is a ward of the court and he is entitled to beneficent treatment. Torino v. Texaco, Inc., 378 F.2d 268 (C.A.3, 1967) However, the district courts also have the responsibility to secure the just and speedy and inexpensive determination of every action. F.R.C.P. 1. The exercise of the court's power to dismiss for failure to prosecute " * * * is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R. R., 370

U.S. at 629, 630, 82 S.Ct. at 1388. Here the libellant was warned over two years before the final order of dismissal that the case would be dismissed if he did not make efforts to prosecute the case, but the record clearly indicates that libellant made only token efforts toward this end. A myriad of cases could be cited for the proposition that we will not reverse the district court's dismissal absent a clear abuse of discretion, e. g., Link v. Wabash R. R., supra; Torino v. Texaco, Inc., supra; Terhune v. Prudential S. S. Corp., supra, and we find no such abuse of discretion in this case.

The judgment of the district court will be affirmed.