**Homer BUSH, Appellant,**

**v.**

**The UNITED STATES POSTAL SERVICE et al., Appellees.**

**No. 73–2040.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1973.

Decided April 29, 1974.

---

Thomas M. Chattin, Charleston, W. Va., for appellant.

Jean A. Staudt, Atty., U. S. Dept. of Justice (Irving Jaffe, Acting Asst. Atty. Gen.; Robert E. Kopp, Atty., Dept. of Justice; and John A. Field, III, U. S. Atty., for the Southern District of West Virginia, on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Homer Bush appeals from an order of the district court that dismissed his complaint against the United States Postal Service and some of its officers for failure to prosecute. The dismissal was with prejudice, and because such a severe sanction cannot be justified on this record, we reverse.

Bush instituted this action on November 1, 1972. His attorney directed the marshal to serve process on the named defendants and the United States Attorney. On December 11, before a responsive pleading was filed, Bush's attorney amended the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Inexplicably he twice directed the marshal to serve the amended complaint on the postmaster and failed to request that the United States Attorney be served. On one set of the instructions for service on the postmaster, he indicated that two copies of the complaint were for the Attorney General and one copy was for the United States Attorney. The record does not disclose what happened to these copies.

On January 5, 1973 the United States Attorney, unaware of the amended complaint, requested an additional thirty days to plead. His motion was granted, and on February 6 he filed an answer. A month later, he filed a motion to dismiss the original complaint. A hearing on the motion, which had been set for April 9, was continued to April 26 at the request of Bush's attorney to avoid a scheduling conflict.

When counsel appeared on April 26 for the hearing, the United States Attorney learned for the first time of the amended complaint. He requested and was granted three weeks to file responsive pleadings, including a motion to dismiss. At the conclusion of the hearing, Bush's attorney inquired whether the court intended to hear the motion "twenty-one days from now." The district judge responded that he would set a date for the hearing "after the pleading is filed."

The United States Attorney filed a motion to dismiss on May 15. The same day he gave notice to Bush's attorney that he would bring the motion on for

hearing June 1. Bush's attorney did not appear on June 1. The court, noting that a return receipt [1] indicated that the notice was received by the attorney's office on May 16, dismissed the action under Rule 41(b) for failure to prosecute.

Three days later Bush's attorney learned that the action had been dismissed. He then moved to set aside the order of dismissal on the grounds that he did not have actual notice of the June 1 hearing, that his failure to attend the hearing arose out of mistake or excusable neglect, that Bush had never evidenced intent to abandon the prosecution, and that dismissal had been ordered without notice to Bush and without an opportunity to be heard. He supported this motion by his own affidavit and that of his secretary. Without further hearing, the court denied the motion to reconsider.

Recently, reviewing cases that interpret Rule 41(b), we said:

"A district court unquestionably has authority to grant a motion to dismiss for want of prosecution. Fed.R.Civ.P. 41(b). Indeed, as the Supreme Court held in Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the trial court can take such action on its own motion. But courts interpreting the rule uniformly hold that it cannot be automatically or mechanically applied. Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits. See generally, Wright & Miller, Federal Practice and Procedure: Civil §§ 2369, 2370 (1971). Consequently, dismissal 'must be tempered by a careful exercise of judicial discretion.' Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967). While the propriety of dismissal ultimately turns on the facts of each case, criteria for judging whether the discretion of the trial court has

been soundly exercised have been stated frequently. Rightfully, courts are reluctant to punish a client for the behavior of his lawyer. Edsall v. Penn Central Transportation Co., 479 F.2d 33, 35 (6th Cir. 1973). Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances. Industrial Building Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1339 (9th Cir. 1970). Indeed, it has been observed that '[t]he decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff.' Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal. See, e. g., Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968); Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148 (3d Cir. 1968). And generally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion. Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1965)." Reizakas v. Loy, 490 F.2d 1132 (4th Cir. 1974).

This record does not depict a history of deliberate delay. Nor does it establish that Bush was responsible for any derelictions of his attorney. The clumsiness attending the instructions for service of the amended complaint did not prejudice the government. Nor, indeed, does the government appear to have been prejudiced by the failure of Bush's attorney to appear for the June 1 hear-

---

1. The record does not contain proof that the person who signed the receipt was an employee of Bush's attorney. At oral argument, Bush's attorney stated that the recipi-
ent of the notice was a secretary employed by another attorney who shared office space, but who was not otherwise associated with him.

ing on the motion to dismiss. In short, tested by precedents construing Rule 41(b), the case presents an instance for the imposition of lesser sanctions than the ultimate penalty of dismissal with prejudice.

Accordingly, the judgment is reversed, and the case is remanded with directions that it be reinstated. We, of course, express no opinion about its merits.

ALBERT V. BRYAN, Senior Circuit Judge (concurring specially):

Save for the peculiar circumstance of this case I would affirm the dismissal for plaintiff's failure to prosecute. The excepting circumstance is that the hearing day of the motion was not fixed by the court but was simply noticed by adversary counsel. Otherwise, I think, we would be usurping the prerogative and discretion vested in the trial judge by Rule 41(b), as well as by the law generally, to dismiss for want of prosecution. While it was incumbent upon Bush's attorney either to appear or explain why he could not, his default was not as serious as a disregard of the court's order.

Had there been an order, I would unhesitatingly say, on the facts of this case, that the instant neglect would justify a dismissal for lack of prosecution. The operation of a court is acutely disrupted by an attorney's inattention to his case, once it is on the docket. The gravity of it is recognized in the inherent authority of the court, as well as in Rule 41(b), to dismiss sua sponte and without previous notice of its intention. Link v. Wabash Railroad Co., 370 U.S. 626, 629, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Nor need the court first find that the other party was prejudiced, for the law presumes injury. States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9 Cir. 1970).

If not deliberate, the conduct here of the plaintiff's attorney was so unwarranted as to be equatable with an intentional ignoring of his obligations. The court rarely is directly in touch with the client; it must accept the latter's representation that the attorney speaks and acts for him. Indeed, it has no other choice. Surely the client cannot complain if the court accepts this assurance, even to his detriment. Advancement of the present case and those following was severely hampered by the dereliction of the attorney.

Determination of whether an attorney's conduct amounts to a failure to prosecute, I would leave to the trial judge. He is the best arbiter of the incidence of the behavior. The court is entrusted and charged with complete control of its docket and, unless it is allowed free rein to fulfill this responsibility, expedition of litigation cannot be expected. Kenney v. California Tanker Company, 381 F.2d 775, 777 (3 Cir. 1967), cert. denied, 390 U.S. 904, 88 S.Ct. 817, 19 L.Ed.2d 870.