530 F.2d 969
 1975-2 Trade Cases 60,613
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy Pauley and Donald Wilmoth d/b/a Ziebart Auto Truck Rustproofing
v.
Ziebart Process Corp.
 No. 75-1658.
 United States Court of Appeals, Fourth Circuit.
 Decided Dec. 3, 1975.
 
 Before: BUTZNER, RUSSELL, and FIELD, Circuit Judges.
 
 PER CURIAM
 
 1
 Roy Pauley appeals from an order dismissing his antitrust action against Ziebart Process Corporation for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). He argues that the district court's action unduly penalizes him for the negligence of his attorney. When the case was called for trial, he asserted that he discovered his attorney's lack of preparation only a week before, and his new attorney was unable to prepare for trial in the short time available.
 
 
 2
 A dismissal for lack of prosecution should be reversed only if the trial judge abused his discretion. Link v. Wabash R.R., 370 U.S. 626, 633 (1962). Assessing this discretion, we have held that courts should be reluctant to punish a client for the behavior of his attorney when the client was blameless. Reizakis v. Loy, 490 F.2d 1132 (4th Cir.1974); Bush v. United States Postal Service, 496 F.2d 42 (4th Cir.1974). The record shows, however, that the plaintiffs in this case are not blameless.
 
 
 3
 This case was brought by Pauley and Donald Wilmoth, a business associate, in December 1973. The defendants unsuccessfully moved to dismiss for lack of jurisdiction. They gave notice to take depositions of the plaintiffs in September 1974, but Pauley and Wilmoth did not appear. On October 15, 1974, the district court denied a motion to dismiss for failure to appear for deposition and ordered Pauley and Wilmoth to pay the expenses Ziebart had incurred in arranging the deposition. At a pre-trial conference in January 1975, the district court established a schedule for completing discovery and filing a pre-trial brief and requests for a charge. No discovery was undertaken, and no brief or instructions were filed. The plaintiffs' claim that they did not discover their attorney's inaction until just prior to trial is inconsistent with the importance they now place upon the case. Wilmoth apparently never contacted counsel, for he did not appear for trial and his absence was never explained. Pauley never explained why he failed to note his counsel's lack of preparation until the eve of trial.
 
 
 4
 Upon consideration of the entire record including the plaintiffs' own derelictions, we conclude that the trial judge acted discreetly in dismissing the case for lack of prosecution. Accordingly, we dispense with oral argument and affirm the order of the district court.