836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joan Elizabeth ELLIOTT, Plaintiff-Appellant,
v.
Michael G. PARROTT, individually and as Correctional Officer
in the Sheriff's Department of Calvert County
assigned to the Calvert County Jail,
Defendant-Appellee,
BOARD OF COUNTY COMMISSIONERS OF CALVERT COUNTY, a Municipal
Corporation of Maryland, Mary D. Harrison, individually and
as a member of the Board of County Commissioners of Calvert
County, Maryland, C. Bernard Fowler, individually and as a
former member of the Board of County Commissioners of
Calvert County, Maryland, John M. Gott, Sr., individually
and as a member of the Board of County Commissioners of
Calvert County, Maryland, Garner T. Grover, individually and
as a member of the Board of County Commissioners of Calvert
County, Maryland, Jesse Reid, individually and as a (former)
member of the Board of County Commissioners of Calvert
County, Maryland, Jack G. Upton, individually and as
Administrative Director of Calvert County, Marvin W. Riddle,
individually and as Director of Public Safety of Calvert
County, Adrian Joy, individually and as Sheriff of Calvert
County, Hiram E. Kirby, individually and as a Captain in the
charge of the Calvert County Jail, Warren F. Sengstack,
individually and as State's Attorney for Calvert County,
Maryland, Defendants.
 No. 87-1629.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Jan. 7, 1988.
 
 Glen Marcus Fallin for appellant.
 Robert Kenneth Nead for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. Hall, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 When, pursuant to a "letter" order of the district court, plaintiff's lawyer failed to provide a status report with regard to plaintiff's appeal from the district court's order dismissing some defendants, the district court dismissed plaintiff's complaint as to the remaining defendant. Plaintiff appeals and we reverse and remand. Although we agree that plaintiff's lawyer was in violation of the district court's direction, we conclude that dismissal was an excessive sanction for the default.
 
 I.
 
 2
 Plaintiff sued the Board of County Commissioners of Calvert County, Maryland, its members, the Administrative Director of Calvert County, the Director of Public Safety, the Calvert County Sheriff and two of his employees who were in charge of the Calvert County Jail including a correctional officer assigned thereto, and the State's Attorney for Calvert County alleging that, while she was in custody and confined in the jail awaiting trial on criminal charges, Correctional officer Michael G. Parrott forced her to perform an unnatural sex act on him. The district court dismissed the complaint as to all defendants excepty Parrott and plaintiff filed a notice of appeal from the order of dismissal. Plaintiff's suit against Parrott was then held in abeyance.
 
 
 3
 Approximately eleven months later, the district court wrote a letter to counsel requesting a report on the status of the appeal. The matter was dated January 28, 1987 and its pertinent text is set forth in the margin.[1] Counsel for defendant replied by letter dated February 6, 1987, stating that plaintiff had not filed a brief in the appeal and that the clerk of the court of appeals had advised him that that court would dismiss the appeal for nonprosecution.
 
 
 4
 Plaintiff's lawyer did not respond by February 9, 1987, or thereafter, and on March 3, 1987, the district court entered an order dismissing the complaint pursuant to Rule 41(b), F.R.Civ.P. By the terms of that rule, dismissal was on the merits, i.e., with prejudice, so that the case was at an end. Interestingly, the record and docket entries of the district court show that on February 17, 1987, the district court received an attested copy of an order of the court of appeals dismissing the appeal for failure to prosecute it. It had thus been provided with the information it sought to obtain.
 
 
 5
 Plaintiff then moved the district court to reconsider its order of dismissal asserting that plaintiff did not file a status report because defendant had done so and the court was fully advised of the status of the appeal.[2] The district court denied this motion, and in a memorandum, quite correctly pointed out that an obligation to report had unmistakably been placed on plaintiff. The district court also stated "[t]he simple fact is that throughout this litigation plaintiff's counsel has done nothing to obey the Court's orders, meet deadlines or otherwise prosecute the case." The district court gave no specifics to support this assertion and the record before us provides no support. At most it shows that another status report had been requested on September 25, 1986, but it is silent as to what response, if any, was made.
 
 II.
 
 6
 There is no doubt in our minds that plaintiff's counsel was in default in complying with a proper order of the district court. The question that such a default raises is what is an appropriate sanction or remedy.
 
 
 7
 We also have no doubt that in formulating a sanction the district court is vested with wide discretion, and we should not disturb the exercise of that discretion except in those instances where it appears that that discretion was exceeded.
 
 
 8
 Over the years we have repeatedly had occasion to consider the limits on the discretion of district courts to enter judgments by default and to decline to strike them and to enter judgments for failure to prosecute. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951 (4 Cir.1987); United States v. Moradi, 673 F.2d 725 (4 Cir.1982); Chandler Leasing Corporation v. Lopez, 669 F.2d 919 (4 Cir.1982); Bush v. United States Postal Service, 496 F.2d 42 (4 Cir.1974); Tolson v. Hodge, 411 F.2d 123 (4 Cir.1969). While the cases have arisen in the context of different kinds of defaults, we think that the principles which emerge are applicable to the default of plaintiff's attorney in the instant case. These cases indicate that there is a strong policy that cases be decided on the merits and not on the basis of procedural defaults; that where a non-defaulting party has not been prejudiced by the default, sanctions lesser than dismissal or a default judgment are to be preferred; and that where the default is solely that of counsel, the penalty should not be visited on his innocent client except in extraordinary circumstances.
 
 
 9
 In the instant case, the strong policy that it be decided on the merits is fully applicable. The district court made no finding of possible prejudice to defendant, and we perceive nothing in the record that would support such a finding. In the interest of judicial efficiency, it is unlikely that the case against defendant would have proceeded to trial while an appeal of the dismissal of other defendants was still pending, lest there be a reversal of the dismissal and the need for two or more trials. Of course, the lack of prejudice does not minimize the affront to the district court from noncompliance with its order, but that can be dealt with in other ways when, as here, nothing indicates that plaintiff participated in or caused the default. Undoubtedly sanctions cold be imposed on plaintiff's counsel and the district court will be free to consider and formulate an appropriate sanction on remand.
 
 
 10
 In short, we are persuaded that involuntary dismissal with prejudice was an excessive sanction for the failure of counsel to comply with the district court's proper direction to provide a status report. It is excessive because of its penal effect on the innocent litigant where, as here, noncompliance did not prejudice defendant. The order of dismissal should be stricken and consideration given to the imposition of a less severe sanction.
 
 
 11
 REVERSED AND REMANDED.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 12
 I cannot agree with the majority's conclusion that the involuntary dismissal with prejudice by the district court should be stricken. I, therefore, respectfully dissent.
 
 
 13
 The district court enjoys broad discretion when choosing to dismiss an action for failure to comply with orders of the court. See Fed.R.Civ.P. 41(b), Link v. Wabash R.R. Co., 370 U.S. 626 (1962). The majority, however, has not applied the usual deferential standard for determining an abuse of discretion, but rather, has concocted an entirely new standard based upon a vaguely defined public policy. The majority thereby excuses the appellant's utter lack of diligence in prosecuting this action. The record clearly indicates that throughout this litigation appellant's counsel has consistently failed to obey the court's orders, meet deadlines or otherwise prosecute the case.
 
 
 14
 It is unfortunate that plaintiffs must suffer for the dereliction of duty of their attorneys. That is, however, an inherent attribute of our legal system. Moreover, the district court must be able to control its docket in these days of exploding litigation. It is clear in this case that appellant's action prolonged this case for a period of at least eleven months by filing an apparently frivolous appeal.[3] Appropriate sanctions must be available to prevent this type of conduct. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976). The district court clearly did not abuse its discretion in dismissing the case. The proper remedy in these circumstances is for the plaintiff to bring a malpractice action against her attorney.
 
 
 15
 For all the foregoing reasons, I would affirm the district court's dismissal of this case.
 
 
 
 [1]
 I request counsel who are involved in the pending appeal to advise me of the status of that appeal on or before February 9, 1987. Failure to provide me with such a report will be deemed to be a non-compliance with a Court order for which dismissal of this action under Fed.R.Civ.P. 41(b) will be ordered
 Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.
 
 
 [2]
 The implied premise of this contention is that plaintiff's counsel knew that he was directed to file a report. Before us, plaintiff's counsel disingenuously argues that the district court's letter, n.1, did not clearly require plaintiff, in addition to defendant, to make a report. We reject the argument as totally lacking in merit
 
 
 [3]
 I can conceive of no basis in which appellant could have appealed the interlocutory order dismissing all of the defendants except Parrott. Indeed, this appeal was dismissed by this Court for failure to file a brief. This is another indication of appellant's waste of the court's time and failure to prosecute the case