Eva Rose **BOLING**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14727.

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1956.

Ralph L. Baker, J. Adrian Palmquist, Oakland, Cal., Nubar Tashjian, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, LEMMON and FEE, Circuit Judges.

PER CURIAM.

An appeal has been brought by a plaintiff in an action for damages for alleged personal injury from the order of the District Court terminating the proceeding for lack of prosecution. The action was against the government under the provisions of the Tort Claims Act, 28 U.S.C.A. § 2671 et seq.

■■ The power of the trial court to dismiss a cause where the matter has become stale by virtue of inaction by plaintiff is inherent and has been crystallized by rule. Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A. One of the causes of congestion of the trial dockets is the failure of courts to exercise the authority vested in them thus to dispose of cases which are shaky or unfounded but which are held on the calendar for nuisance value. Since trial judges are hesitant to dismiss such causes of their own motion, for fear of injustice to some litigant, the device of placing cases in which no action has been taken for a considerable time on a docket for dismissal, absent a showing of adequate explanation for the delay, has been used. But even this palliative for the admitted evil has been of little avail, because of the innate hesitancy mentioned above. Because of this fact, an order of dismissal for failure to prosecute will never be set aside unless there has been an abuse of discretion, and, of course, such a situation is not presumed. This case was filed and summons issued July 31, 1951. The order of dismissal and amended order of dismissal with prejudice were filed December 29, 1954, and January 14, 1955, respectively.

The cause came up for trial several times in 1952, but was postponed at the request of the government or the plaintiff. The last setting was January 7, 1953, when, at the request of the government because of the resignation of the Assistant United States Attorney handling it, the cause was taken off calendar. Plaintiff was then represented by an experienced set of attorneys. Plaintiff has made a showing that she attempted substitution of a second firm of attorneys during March, 1953, but that it was not until April, 1954, that the substitution formally took place. However that may be, no change of attorneys was noted on the records of the court.

On May 27, 1953, the files show notice was mailed advising that the cause was calendared for dismissal on June 3, 1953.

On June 3, 1953, the cause was dismissed for failure to prosecute.

Almost one year later, on June 1, 1954, plaintiff herself appeared in court without any attorney whatever. The judge then presiding allowed her one week to employ counsel and move to vacate the order of dismissal. Plaintiff then employed the third set of attorneys, who presently represent her. Upon a subsequent hearing a judge of the District Court reinstated the cause. It seems clear from the record that there has been due diligence since by the present attorneys for plaintiff and by the government.

Counsel for plaintiff noted the case for trial on December 20, 1954, on which day the government made a showing that, owing to the fact that the cause had been dismissed on June 3, 1953, the Department of Justice and the Department of the Air Force and the United States Attorney for the Northern District of California closed their files on the litigation and released holds on the witnesses. Subsequently, the investigators of the accident and the driver of the government car were discharged from military service or given other assignments, and only the driver was located. Further, the doctors in the military service who examined plaintiff on February 12, 1952, are no longer connected therewith or available as witnesses. It was further set up that plaintiff had indicated an unwillingness to have further physical examination by the government except a few days prior to the time the matter should have been set for trial.

At the hearing on this motion to postpone, the trial judge, who was not the

judge who reinstated the case, suggested that, under the circumstances which had been developed, the cause should be dismissed.

Thereafter, a motion to dismiss was filed and another hearing held. Based upon the showing of the government of the immense difficulties caused by the inaction of plaintiff for almost a year after dismissal, the court dismissed the cause. We find no abuse of discretion in this action.

It is argued that the reinstatement of the cause on the calendar by another presiding judge of this district wiped out all previous delinquencies of plaintiff and the cause should be treated as newly filed as of the date of reinstatement. There is no element of res adjudicata in the order of the former presiding judge. The argument apparently is that, after the matter had been acted upon by one judge, different action should not be taken by another judge of the same district. This seems to be a restatement of the doctrine of "the law of the case." But it is questionable whether this theory ever applies unless the determination of the first judge affects the merits. Here it is not claimed or pretended that the order of the first judge had any effect upon the merits. It was simply an order setting aside a default and a restoration of the cause to the calendar so that further proceedings could be taken.

On the showing of prejudice to the government made before the judge who heard the matter finally, he suggested that a motion to dismiss for failure to prosecute should be filed. When this action was taken, a full hearing was had. Although it was clear present counsel had proceeded diligently, nevertheless irreparable damage to the United States by the delay of plaintiff herself, if a trial were required, justified dismissal. The District Court was not precluded from such action. The judicial discretion reposed therein was not abused.

Affirmed.