Fred A. JARVA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16675.

United States Court of Appeals Ninth Circuit.

June 29, 1960.

FitzGerald Ames, Sr., San Francisco, Cal., for appellant.

Lynn J. Gillard, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and EAST, District Judge.

PER CURIAM.

Defendant's civil case under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, was dismissed on August 13, 1959, in the district court for lack of prosecution. The action was filed on May 16, 1958.

The district court's Rule 14, West's Ann.Code, provides as follows:

"At a time fixed by the Court at least every six months, the Clerk in open court, under the supervision of the Master Calendar Judge, shall call all civil actions pending in which no steps have been taken for six months.

"Notice of the calling shall be mailed to all attorneys of record. If none of the parties nor their attorneys appear, or if good cause for the lack of prosecution is not shown, the Court may dismiss the action."

On this appeal, necessarily the meaning of the word "step" is involved. The record shows that the last activity in the case prior to the dismissal proceedings was the taking by the plaintiff on October 16, 1958, of a deposition of the govern-

ment physician allegedly responsible for some damage to plaintiff's body. This deposition was not transcribed and filed until December 29, 1959

■ We take judicial notice of the fact that the district court concerned here ordinarily proceeds according to docket entries (thus, one finds an interpretation of "steps") before calling up cases under Rule 14.[1] On August 6, 1959, the clerk of the district court sent counsel a notice that Jarva's case would be on the dismissal calendar on August 13, 1959. On this date, an associate of plaintiff's counsel made an appearance and so did government counsel. Neither offered the court any proof, but supplied the court casually with conversation, both purporting to state some facts which were challenged argumentively. Dismissal was entered.

■■ Chief counsel for Jarva was back in San Francisco in September, 1959, and moved to vacate the order of dismissal. In support thereof he made a rather strong showing by affidavits. However, due to the absence from San Francisco of the judge who granted the order of August 13, 1959, he could not get the motion heard before October 21, 1959. This presented a dilemma on the time for appeal. To get within the requirement of appealing within 60 days,[2] counsel filed a notice of appeal on October 9, 1960. Thus, he deprived the district court of further jurisdiction.

On October 21, 1959, the hearing of the motion to vacate was heard. During the hearing there was much discussion of the effect of the appeal. But the court heard the motion and denied it.

■ Inasmuch as the court was willing to further consider the matter on its merits, we think it should do so when it has jurisdiction.

It would appear that generally a litigant in the particular court might have filed (if he were ready) a certificate of readiness any time[3] before June 29, 1959, and thus have been within the ambit of the practice of the court. If it should appear that from January 1, 1959, to May 1, 1959, there was scarcely any time, as plaintiff claims, that he could or should have attended his trial because of his hospitalization, it does seem rather severe to dismiss the case on August 13, 1959. Of course, the case may be different if the government suffered some particular prejudice in the period June 29 to August 13, 1959. If such prejudice is claimed, some proof should be offered.

■■ But for the fact of the illness during the winter and spring of 1958–1959, we would affirm the district court as having properly exercised its discretion. Below there was some discussion of there being a factual issue which could have been tried without plaintiff's presence. Possibly so, but during the time he was hospitalized, it would seem grossly unfair to force him to trial during such a period unless the government was suf-

---

1. Of course, the mere filing date indicates no activity of counsel, but is apparently a fortuitous credit for a "step" given all litigants in the court.

2. The time for noticing an appeal in civil cases is 30 days, except when the United States is a party either side has 60 days. Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

3. Cases in the particular district court are set on motion, its rule reading as follows:
"Rule 17 Setting of Cases for Trial
"Cases shall be set for trial upon written motion by any party. The attorney for the movant shall endorse upon the

motion notice of hearing and his certificate that:
"(1) All depositions needed to prepare for trial have been taken, and all other discovery procedure deemed necessary has been completed;
"(2) All pre-trial conferences desired have been had;
"(3) All witnesses and parties needed for trial are available;
"(4) The case is actually ready for trial and counsel understand that it may be set for trial immediately.
"Upon the setting of a case for trial, the moving party shall within five days serve notice by mail of the time for trial upon all parties not present at the setting."

fering some unusual prejudice at the time. And if so, it could have moved for trial of the issues.

The order of dismissal is vacated and the cause is remanded for further consideration consistent herewith.