**Blanche SYKES, Appellant,**

v.

**UNITED STATES of America, and City and County of San Francisco, Appellees.**

**No. 16738.**

United States Court of Appeals
Ninth Circuit.

April 3, 1961.

Rehearing Denied June 7, 1961.

Field, DeGoff & Rieman and Lewis & Stein, San Francisco, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for appellee United States.

Dion R. Holm, City Atty. of San Francisco and George E. Baglin, Deputy City Atty. of San Francisco, San Francisco, Cal., for appellee City & County of San Francisco.

Before STEPHENS, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

■ The order of dismissal as to the City and County of San Francisco is affirmed, not for failure to prosecute, but for the reason that on the face of the plaintiff's complaint we can find no diversity or other jurisdiction when she alleges she is a resident (state citizenship not recited) of the County of San Mateo, California. Pacific Freight Lines v. United States, 9 Cir., 239 F.2d 191; Wasserman v. Perugini, 2 Cir., 173 F.2d 305; Bullock v. United States, D.C.N.J., 72 F.Supp. 445.

Also, it should be noted that some of the problems of Roth v. Davis, 9 Cir., 231 F.2d 681, and Molnar v. National Broadcasting Co., 9 Cir., 231 F.2d 684, lurk here. Plaintiff named First Doe, Second Doe, Third Doe, Fourth Doe, Fifth Doe and Sixth Doe as defendants, saying First, Second and Third were employees of the United States and Fourth, Fifth and Sixth were employees of the City and County of San Francisco. The Does are not listed as parties on the appeal and where they went, we do not know. Anyway, throwing in a bunch of Does in federal pleading without knowing why is a hazard.

After notice and argument, the case was dismissed in the trial court under the district court's Rule 14 reading as follows:

"At a time fixed by the Court at least every six months, the Clerk in open court, under the supervision of the Master Calendar Judge, shall call all civil actions pending in which no steps have been taken for six months.

"Notice of the calling shall be mailed to all attorneys of record. If none of the parties nor their attorneys appear, or if good cause for the lack of prosecution is not shown, the Court may dismiss the action."

Promptly after dismissal, the plaintiff-appellant moved to vacate the order of dismissal. Hearing was had on the motion and relief was denied.

Due to practical considerations in the district court clerk's office the dismissal calendar is prepared, we understand, only twice a year. Thus, some laggard plaintiffs can dally for eleven months and others for ten, nine, eight and seven months. And there is the class that can only dally for six months. This plaintiff's docket had the last "step" on it six

months and 28 days before the notice of a dismissal hearing was given.

The excuses of counsel for not pressing the case are not too good, but there is no evidence of intent to abandon the case. And the policy of the law is to try cases on their merits. Dismissal is what counsel deserves. The client deserves a little better. We hold, therefore, that the trial court's discretion was improperly exercised. We think in the seventh month the plaintiff is entitled to some more consideration than one in his eleventh month.

The final order of dismissal as to the United States on the federal tort claim is vacated, but if the government can show some particular prejudice suffered in the intervening six months and 28 days in question, then the district court is at liberty to again consider whether the action should be dismissed. Cf. Jarva v. United States, 9 Cir., 280 F.2d 892; Russell v. Cunningham, 9 Cir., 279 F.2d 797.

If the case is to go forward, the trial court certainly is justified in expediting the case and putting plaintiff's counsel on a no-nonsense basis.