**A. M. PEARSON et al., Appellants,**

v.

**Denny DENNISON et al., Appellees.**

**No. 19506.**

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1965.

George Baltaxe, Willard & Baltaxe, and Burke Mathes, Los Angeles, Cal., for appellants.

Maurice C. Inman, Jr., Alexander, Inman & Fine, Los Angeles, Cal., for appellee Jack P. Marsh.

Jay Gralla, Gralla & Gralla, Los Angeles, Cal., for appellees John Bayer, Julia Bayer, Woodvale Sales Corp. and Timbay Constr. Co.

Wm. A. Dougherty, Santa Ana, Cal., for appellees Bruce C. and Irene Countryman.

Before CHAMBERS and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

DUNIWAY, Circuit Judge:

This appeal is from a dismissal of the action under Rule 41(b) F.R.Civ.P. The action, in which seven individuals and three corporations are named as defendants, was filed on January 18, 1962. It was dismissed on May 21, 1964. The ground for dismissal was "failure to prosecute."

When the complaint was filed, summons was issued, but the Marshal re-

ceived no instructions as to service and returned it unserved on July 12, 1962. Nothing happened until February 20, 1963. On that day the clerk, acting under local rule 10(d),[1] put the matter on its calendar for dismissal on the court's own motion. On March 11, 1963 counsel for plaintiffs advised the court "that the defendants have been evading service" and asked more time in which to serve. The court allowed 60 days.

Defendant Jack P. Marsh was served on May 3, 1963. There are detailed and undenied affidavits on file showing that he never evaded service but was always available, and that the plaintiffs' counsel admitted to Marsh's counsel that this was so. Marsh, on June 25, 1963, moved to dismiss for failure to prosecute and for failure to state a claim. On September 13, he added additional grounds: lack of jurisdiction and that the action was not a proper class action.

Defendant Denny Dennison appeared on June 17 (the date of service upon him does not appear) by motion to dismiss for lack of jurisdiction. Defendants Bruce C. Countryman and Irene Countryman appeared on June 18 (again, the date of service upon them does not appear), by motion to dismiss for lack of jurisdiction and for failure to state a claim, and in the alternative for a more definite statement.

On June 18, counsel for plaintiffs filed an affidavit stating that Bruce Countryman is "the one party of whose solvency I am sure," that he had had difficulty in serving Countryman "due to his constant evasion," and that:

"It was not my desire to prosecute this suit until service was effected on Countryman because the chances of recovering from any other defend-

ants, at least in my opinion, are not substantial because of their lack of solvency. After the defendant, Countryman, was served, I then proceeded to serve the other defendants in the case."

The complaint, however, alleges: "The defendants herein are well-to-do or wealthy individuals and corporations." Counsel also stated that the judge had dismissed certain similar cases, entitled Smith v. Los Angeles Trust Deed and Mortgage Exchange, on December 17, 1962, that those actions were then on appeal to this court, and that:

"It was my desire to await determination of said appeal which in all probability will control many of the legal issues involved in this case. Accordingly, it was my decision if possible within the confines of Rule 41b to await the results of this appeal before proceeding further in the case at bar in order to avoid unnecessary litigation in the event the appeal was unfavorable to plaintiffs' position in this case."[2]

All of the motions were heard on September 30, 1963. The court said "There has been no showing of any prejudice due to the delay." The order reads "motion of defendant Marsh to dismiss, granted, with leave to amend by October 25, 1963." An amended complaint was filed on November 1, 1963. It added two new defendants, Wikle and Jonas, trustees in bankruptcy of Trustors' Corporation.

On November 20, 1963, the two Countrymans filed motions noticed for December 2, almost identical to those previously filed. The motions were continued to December 16. On December 26, Dennison filed a motion to dismiss, noticed

---

1. "(d) Actions or proceedings, other than in bankruptcy, which have been pending in this court for more than twelve months without any proceeding having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk. Such a dismissal shall be without prejudice."

2. In Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, which is the Smith case referred to in counsel's affidavit, we reversed this dismissal. Our decision came down on March 26, 1964, less than two months before the court made the order here appealed from.

for January 20, upon 3 grounds—that this is not a proper class action, that at all pertinent times defendant Trustors' Corporation "had an effective Registration pursuant to the Securities Exchange Act of 1934," and as to counts four, five and six, lack of jurisdiction. On January 3, 1964, two new plaintiffs filed motions for leave to intervene, noticed for January 20. On January 15, Marsh filed an additional motion to dismiss, for failure to state a claim, lack of jurisdiction, and failure to prosecute. This was also noticed for January 20. On January 17, Marsh filed opposition to the motion for leave to intervene. All motions were continued to February 17.

Appellees John Bayer, Julia Bayer, Woodvale Sales Corp. and Timbay Construction Co. were first served with summons and complaint on December 3, 1963. They filed motions to dismiss on January 20, 1964. The grounds were similar to those stated in the Marsh motions. Affidavits were filed, showing that they were always available and had not avoided service, and claiming prejudice from delay. Countryman filed an affidavit on February 14. It deals solely with the merits of the case. On February 17, all motions were heard. The complaint was ordered dismissed "as improper class-action with leave to amend within 20 days." Intervention was allowed. Further hearing "on all motions" was set for April 13. This was later continued to May 18.

A second amended complaint was filed March 17. On April 7, the Countrymans again filed motions based on the same grounds as before. The two Bayers and the Woodvale and Timbay corporations filed a motion for more definite statement on April 16. Their points and authorities also indicate reliance on their previous motion to dismiss. On April 24, Marsh again filed a motion to dismiss for failure to prosecute, failure to state a claim, and lack of jurisdiction.

On May 18, the motions were heard. On May 21 the court dismissed the action, "for failure of plaintiffs to prosecute the same pursuant to and under the provision of Rule 41(b) of the Federal Rules of Civil Procedure." The order does not recite that the dismissal is "without prejudice," or words to that effect. Hence it operates as an adjudication on the merits. (Rule 41(b).) Appellants sought a rehearing, and in the alternative a modification of the order so that it would be without prejudice. Their requests were denied.

There are certain named defendants, Harold J. Rathburn, Trustors' Corporation, and the two trustees in bankruptcy of Trustors, that have never been served with summons.

As originally filed, the action purports to be a class action in favor of numerous persons who purchased notes and trust deeds securing them from Trustors' Corporation. It contains six counts, charging respectively, (1) violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule X–10B–5 of the S.E.C.; (2) violation of Sections 12(1), 12(2) and 15 of the Act of 1933, 15 U.S.C. §§ 77l and 77o; (3) violations of sections 15(a), 15(b), 20 and 29 of the Act of 1934, 15 U.S.C. §§ 78o(a), 78o(b), 78t and 78cc;[3] (4) breach of contract; (5) breach of "fiduciary duty"; (6) violation of the California "blue sky" law. The amended complaint is much the same, but adds allegation that Trustors' Corporation is in bankruptcy and that therefore there is a common fund to which the plaintiffs and those whom they purport to represent can look. It also adds a separate claim for each named plaintiff based upon all six grounds for relief (counts 7–19 incl.). The second amended complaint no longer purports to be a class action; but is otherwise similar to the amended complaint. It omits Trus-

---

3. As to claimed violations of the Acts of 1933 and 1934, compare Farrell v. United States, 9 Cir., 1963, 321 F.2d 409; Los Angeles Trust Deed & Mortgage Exch. v. S. E. C., 9 Cir., 1961, 285 F.2d 162.

tors' Corporation and its trustees in bankruptcy as defendants. The breach of contract count is omitted.

■ Appellants point to the fact that appellees Dennison and Countryman have never sought dismissal for lack of prosecution. This, however, does not *require* reversal as to them. A court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b) and under its local rule (here rule 10(d)), and even in the absence of such rules. (Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406, 408–409).

Appellants also attack the showing of prejudice made by Marsh, the Bayers, Woodvale and Timbay. Lack of such a showing does not *require* a reversal. As we said in Hicks, supra, at p. 409:

> "It was not necessary for the defendants to show specific impairment of their defense, because the law will presume injury from unreasonable delay. Bernays v. Frederic Leyland & Co., D.C.Mass., 228 F. 913, 914; Gray v. Times-Mirror Co., 11 Cal. App. 155, 163, 104 P. 481."

■■ Appellants also assert that the court's September 30, 1963 order denied, by implication, the motions to dismiss for lack of prosecution, and that that order has become the "law of the case." It grants Marsh's motion to dismiss, but with leave to amend. Thus it must have been based on the other grounds for the motion. The court's remarks show that it thought that, the motion to dismiss (on other grounds) having been granted, there remained nothing upon which it could act. The court's reasoning was faulty,[4] but it does show that the court was not deciding the motion to dismiss for want of prosecution. In any event, there is nothing in the "law of the case" theory. Denial of the motion would be interlocutory, and it could be renewed and reconsidered at any time before final judgment.[5]

■ There remains the question whether the court abused its discretion. Whether there was such an "abuse"[6] must necessarily depend upon the peculiar facts of the case. We know of no fixed standard whereby the court's action is to be judged. On the one side there are the policy in favor of the prompt disposition of litigation and the duty of the plaintiff to proceed with diligence. Hicks v. Bekins Moving & Storage Co., supra. Delay is almost always prejudicial to one side or the other. It tends also to result in an inordinate use of the court's time, to the prejudice of other litigants. The probability of prejudice to defendants upon whom process is not served for a long time is particularly great. They may, in reliance on the statute of limitations, have destroyed important records. They may have moved on to other occupations. Memory is likely to have faded. Witnesses may have died or disappeared. The longer the delay, the more likely prejudice becomes.[7] A defendant who is promptly served may well be able to protect himself against these possibilities. On the other side, there is the policy in favor of

---

4. We have no doubt of the error of this view. The action remained pending, and the court could have dismissed it (rather than the complaint) at that time if it had chosen to do so. It did not do so, perhaps also because it felt that, as it said, "There has been no showing of any prejudice due to the delay."

5. Cf. Tanner Motor Livery, Ltd. v. Avis, Inc., 9 Cir., 1963, 316 F.2d 804, 809; Beedy v. Washington Water Power Co., 9 Cir., 1956, 238 F.2d 123, 127; Boling v. United States, 9 Cir., 1956, 231 F.2d

926, 928; Breeland v. Southern Pac. Co., 9 Cir., 1955, 231 F.2d 576, 579.

6. We do not much like the term "abuse" in this context. It has pejorative connotations not here appropriate. But it has become the customary word. Perhaps "misuse" is milder. What we mean, when we say that a court abused its discretion, is merely that we think that it made a mistake. There are, however, cases in which the term abuse is appropriate.

7. Cf. Sykes v. United States, 9 Cir., 1961, 290 F.2d 555, 557.

deciding cases on their merits.[8] In considering whether that policy should prevail, the trial court, and this court, can consider the actual prejudice shown, as compared to the presumed prejudice to which we referred in Hicks, supra.[9] We think, too, that the court can consider whether plaintiffs complied with the court's own orders in the case.

 We first consider the application of these considerations to appellees, the Bayers, Woodvale and Timbay. They were not served until December 3, 1963. This was nearly two years after the action was filed. It was nearly seven months beyond the 60 days allowed by the court, on the representation that "the defendants" had been evading service, within which they were to be served. As to them, the representation upon which the court relied was false. They promptly moved for dismissal for lack of prosecution, and filed affidavits alleging prejudice by reason of the age of the transactions involved, the loss or destruction of records, their inability to take depositions of witnesses, and other difficulties.[10] The court's September 30, 1963 statement that there had been no showing of prejudice does not apply to them. At that point, process had not been served on them. We find no abuse of discretion in the dismissal of the action as to them.

██ The position of the appellee Marsh is quite similar, except that he was served within the sixty days allowed by the court. This was still nearly 15 months after the action was filed, and the sixty days was granted in reliance on an admittedly false representation. Marsh, too, sought dismissal for lack of prosecution from the beginning, and also made a showing of prejudice.[10] The court could, and evidently did, reconsider its view that no prejudice had been shown. We find no abuse of discretion in the dismissal of the action as to Marsh.

██ The position of the appellees Countryman is different. They do not deny evasion of service of process. They never sought dismissal for lack of prosecution. They do not now seek to sustain the dismissal on that ground. Instead they claim that because they filed an affidavit going to the merits, and because appellants filed a counter-affidavit, the dismissal should be upheld as the granting of a motion for summary judgment under Rule 12(b) (6) F.R.Civ.P. The contention is entirely without merit. No such motion was granted. The sole action that the court took was to dismiss the action for want of prosecution. As to the Countrymans, we think that this was an abuse of discretion.

The case of appellee Dennison is more like that of the Countrymans than that of Marsh. He did not deny evasion of process. He did not seek dismissal for want of prosecution. He made no showing of prejudice by reason of delay. He filed no brief in support of the order appealed from.

As to the appellees Denny Dennison, Bruce C. Countryman and Irene Countryman, the order appealed from is reversed. In all other respects it is affirmed.

8. Sykes v. United States, supra fn. 6, at 557; Russell v. Cunningham, 9 Cir., 1960, 279 F.2d 797, 804.

9. See Boling v. United States, supra fn. 4, 231 F.2d at 927, 928; Jarva v. United States, 9 Cir., 1960, 280 F.2d 892, 894.

10. In their brief, appellants assert that the affidavits as to prejudice, which were made by counsel, are hearsay and conclusionary and should be disregarded. No objection on either ground was made below. It is not clear from the affidavits that they are hearsay. But in any event, hearsay evidence, not objected to, is still evidence. Continental Oil Co. v. United States, 9 Cir., 1950, 184 F.2d 802; Reidy v. Myntti, 9 Cir., 1940, 116 F.2d 725, 10 Alaska 25. The same rule applies to evidence containing "conclusions" of the witness. Northwest Steel Rolling Mills, Inc. v. Commissioner of Internal Revenue, 9 Cir., 1940, 110 F.2d 286, reversed on other grounds sub nom. Helvering v. Northwest Steel Rolling Mills, Inc., 1940, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29.