947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
B. Benedict WATERS; Nancy A. Ridley, Plaintiffs-Appellants,
v.
Peter BLACKMAN; Cynthia Cohen William Cormier; Gail
Cowling, Defendants-Appellees.
Nancy Ann RUFF; B. Benedict Waters, Plaintiffs-Appellants,
v.
Charles H. YOUNG et al., Defendant-Appellee.
 No. 90-55675.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 24, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants B. Benedict Waters (Waters) and Nancy Ann Ruff (a.k.a. Nancy Ridley) (Ruff) appeal from the district court's orders dismissing with prejudice two actions alleging civil rights violations. Waters's claims in the first action (No. 90-55675) were dismissed on the grounds of willful and repeated disobedience of court orders. Ruff's claims in the first action were dismissed for failure to prosecute. Fed.R.Civ.P. 41(b). Appellants' second action (No. 91-55053) was dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Appellants are pro se litigants. We affirm the district court's dismissal in No. 90-55675, and we affirm in part and reverse and remand in part the district court's dismissal in No. 91-55053.
 
 DISCUSSION
 A. Waters's Claims in the First Action
 
 3
 Waters failed to comply with two discovery orders. First, he failed to appear at his court ordered deposition on February 2, 1989. Sanctions were imposed for that failure and he was ordered to attend his May 22, 1989 deposition. Then he refused to answer any questions at that deposition.
 
 
 4
 We have identified a number of factors that must be considered before a case is dismissed. Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). Review of the record shows that the district court did not err in dismissing Waters's action in the face of his delaying tactics and refusals to follow the magistrate judge's discovery orders. The district court considered less drastic alternatives. Waters was "repeatedly warned" that his recalcitrance was "verging on contempt" and that he was at risk of dismissal. The monetary sanction imposed because he missed the February deposition failed to deter his behavior.
 
 
 5
 While a pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we have held that pro se parties are not excused from following the rules and orders of the court. See Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) (affirming summary judgment even though pro se plaintiff unknowingly failed to file an opposition to motion for summary judgment). Moreover, bad faith disregard of discovery obligations need not be countenanced.[1] Cf. Porter v. Martinez, 941 F.2d 732, 733-34 (9th Cir.1991) (vacating dismissal of a pro se plaintiff's civil rights suit because plaintiff's failure to comply with discovery orders had not been in bad faith). The district court did not abuse its discretion in dismissing Waters's claims for willful disobedience of discovery orders.
 
 B. Ruff's Claims in the First Action
 
 6
 Ruff's claims were dismissed under Fed.R.Civ.P. 41(b) and Local Rule 12.3 (C.D.Cal.) for failure to prosecute after she failed to appear on December 12, 1989, the day her case was set for trial. She claims that she was too ill to go to court, but, as the court found, she failed to notify it of that fact before the time set for trial.
 
 
 7
 Dismissal is a harsh penalty and should be imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Because dismissal is the harshest available penalty, we have held that the district court usually has "an obligation to warn plaintiff that dismissal is imminent." Johnson v. Dep't of Treasury, 939 F.2d 820, 825 (9th Cir.1991) (quoting Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir.1987)). However, "egregious circumstances" warrant dismissal without advance warning. Id. The district court did not explicitly warn Ruff that she risked jeopardizing her case, but it could hardly have done so, since she did not come to the courthouse. Moreover, Local Rule 12.3 gave notice that failure to appear made the case subject to dismissal. We have also held that illness can excuse a plaintiff's failure to prosecute. Jarva v. United States, 280 F.2d 892, 894-95 (9th Cir.1960). Still, the district court did not err in this case.
 
 
 8
 It is one thing for a party to be dilatory about preliminary activities;[2] it is quite another to miss the main event without giving the opposing party and the court any advance warning. That is particularly true where, as here, even taking the party's own statements about her illness as true, she had an opportunity to inform the court well ahead of time about her problem. Nothing could be more disruptive to opposing parties than requiring them to prepare for trial and then find themselves with an unnecessary continuance. Needless to say, Ruff's actions were also very disruptive to the calendar of the district court. Moreover, the court could hardly issue a warning at that point because the damage was already done and the object of the warning was not there to receive it. The district court did not abuse its discretion in ordering a dismissal of Ruff's case.[3]
 
 C. The Second Action
 
 9
 A complaint should not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (citation and quotation omitted). The factual allegations in the complaint are taken as true and viewed in a light most favorable to the non-moving party. Id. The pleadings of pro se plaintiffs are viewed with particular deference. "Pro se plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). Dismissal can be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Finally, before dismissing a pro se plaintiff's complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987).
 
 
 10
 Here, the claims which were the same as those in the prior action were properly dismissed. Litigants should not maintain repetitive lawsuits in the same forum. See Blinder, Robinson & Co., Inc. v. United States Sec. and Exch. Comm'n, 692 F.2d 102, 106 (10th Cir.1982) (court reversed district court's abatement of similar proceedings on ground that later claims were not the same), cert. denied, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). Moreover, by the time the district court ruled on the motion to dismiss this complaint, it had already dismissed Waters's and Ruff's claims in the first complaint with prejudice. That determination was res judicata. See Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984). Thus, the district court properly struck Appellants' first claim.
 
 
 11
 However, Appellants' other claims, the second through tenth claims, allege new facts and new conspiracies. The district court pointed out a number of deficiencies, but erred in dismissing those claims without leave to amend. It is too early in the proceedings to determine that "no set of facts" can cure the complaint. Love v. United States, 915 F.2d at 1245. Appellants may be able to state facts sufficient to show Appellees acted under color of state law. They should be given an opportunity to try.[4]
 
 
 12
 We will, therefore, reverse the district court's order dismissing the complaint in the second action without leave to amend as to the claims other than the first one.
 
 D. Sanctions
 
 13
 Appellants have sought sanctions as a response to nearly every motion made by Appellees' counsel. Even Appellants' Reply Brief threatens sanctions for perceived "misrepresentations" of facts made in Appellees' Brief. Appellants confuse advocacy with perjury. The district court's finding that the conduct of Appellees' counsel was proper is not clearly erroneous. We affirm the district court's denial of sanctions. We will impose none on this appeal.
 
 CONCLUSION
 
 14
 We AFFIRM the district court's order dismissing Appellants' claims in the first action (No. 90-55675) with prejudice.
 
 
 15
 We AFFIRM the district court's order dismissing Appellants' first claim in the second action (No. 91-55053) without leave to amend. We REVERSE the district court's order dismissing Appellants' other claims in the second action (No. 91-55053) without leave to amend and REMAND for further proceedings. We AFFIRM the court's denial of sanctions.
 
 
 16
 The parties shall bear their own costs on this appeal.
 
 
 
 *
 The panel finds these cases appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record bristles with instances of Waters's complete unwillingness to proceed with this litigation in a timely fashion. Rather than arguing the merits of their case, Waters and Ruff focused their attention on the alleged misconduct of defendants' attorneys. Nearly every motion included a request for sanctions, all of which were denied
 
 
 [2]
 We note that Ruff engaged in many of the same dilatory tactics as Waters, and even refused to participate properly in the preparation of the pretrial papers
 
 
 [3]
 Since we hold that all of the claims were properly dismissed, we need not decide whether the district court erred in terminating leave to amend and denying further leave. However, our review of the record makes it clear that there was no error
 
 
 [4]
 Of course, we do not intend to preclude the district court from imposing reasonable conditions (e.g. page and time limitations) upon Appellants