996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. CHING, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 Nos. 91-15635, 91-15639.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided June 22, 1993.
 
 Before FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary W. Ching (Ching) appeals the district court's dismissal of two separate § 1983 actions filed while Ching was incarcerated.
 
 
 3
 Ching filed the first two cases consolidated in this appeal on December 29, 1988. The complaint seeks damages from several defendants for common law torts and for violations of Ching's civil rights. Ching filed his second complaint on January 4, 1989. The 1989 complaint charges prison administrators and medical personnel with denying him adequate medical care and with obstructing his access to the courts.
 
 BACKGROUND
 
 4
 Arizona Department of Corrections employees took Ching to Pinal General Hospital in December 1987 for treatment of bleeding gums two weeks after having his wisdom teeth removed. Nurse Hoffman examined him.
 
 
 5
 Ching alleges that Nurse Hoffman told the three prison guards in charge of escorting him to the emergency room that they should wear rubber gloves while handling Ching because he was infected with hepatitis B. Following his return to the prison, Ching claims that the prison officials destroyed his property to control contamination risks based on Nurse Hoffman's statement that he had hepatitis B. Ching claims that other inmates learned of the hepatitis charge and harassed him until another inmate whacked him in the eye with a two-by-four. Once again Ching was taken to Pinal General Hospital for care where Dr. Robert L. Hyde examined and x-rayed his eye and recommended an ice pack as the only necessary treatment.
 
 
 6
 Ching filed this suit against Nurse Hoffman for common law slander and violation of his 1st, 5th, 8th, and 14th amendment rights by deliberately fabricating the hepatitis charge. Ching also sues Hoffman for medical malpractice for the care that he received for his bleeding gums, and charges Pinal General Hospital with malpractice and eighth amendment violations in connection with the treatment of his eye injuries. Ching separately sues prison employees and administrators for destroying his property and for failing to protect him from other inmates who threatened and harassed him.
 
 
 7
 On August 3, 1990, the district court dismissed the action against Nurse Hoffman for lack of federal jurisdiction and granted summary judgment for Pinal General Hospital on the malpractice claim. The district court then dismissed all of the remaining claims on March 13, 1991 as a sanction for Ching's discovery abuses and excessive delay of the litigation. Ching appeals.
 
 DISCUSSION
 I. The 1988 Case
 A. Nurse Hoffman
 
 8
 We affirm the district court's August 3, 1990 dismissal of the claims against Nurse Hoffman for lack of federal jurisdiction. Ching's defamation and malpractice claims do not present a federal question. An act of defamation must be intertwined with or must directly cause the violation of a federally protected right in order to be actionable under section 1983. See Cooper v. Dupnik, 924 F.2d 1520, 1531-32 (9th Cir.1991), on rehearing, 963 F.2d 1220 (en banc). The loss of property and the beating by the inmate were not sufficiently intertwined with Nurse Hoffman's allegedly defamatory statement to meet the Cooper test and they were not directly caused by Nurse Hoffman's alleged statement.
 
 
 9
 We also reject Ching's contention that his malpractice claim against Nurse Hoffman rises to the level of an eighth amendment violation. Ching's allegations that Hoffman was "prejudicial" toward him and did not do enough to stop his bleeding gums do not constitute the "deliberate indifference" to a "serious" medical need that is required to sustain an eighth amendment complaint for inadequate medical care. Hudson v. McMillan, 112 S.Ct. 995, 1000 (1992).
 
 B. Pinal General Hospital
 
 10
 We affirm the district court's grant of summary judgment for Pinal General Hospital on Ching's medical malpractice claim. Under Arizona law, Ching must support his allegations with expert testimony that the treatment that he received for his eye injury fell below the standard of care in the field. Potter v. Wisner, 823 P.2d 1339 (Ariz.1991). Ching failed to produce any expert testimony in response to the hospital's summary judgment motion.
 
 C. March 13, 1991 Dismissal Order
 
 11
 The district court's March 13, 1991 order covered three areas. Most importantly, the district court dismissed, pursuant to Fed.R.Civ.P. 37(b)(2), all of Ching's remaining claims as a sanction for his failure to appear at a court-ordered medical examination and other instances of misconduct. These claims included Ching's eighth amendment claims that the hospital had exhibited deliberate indifference to his eye injuries. Next, the district court denied Ching's pending motion for a stay of the entire action and for additional time to respond to certain motions made by the defendants. Finally, the order granted a pending summary judgment motion in favor of Pinal General Hospital, although this grant of summary judgment was redundant given the court's categorical dismissal of the action.
 
 1. The Dismissal Sanction
 
 12
 The district court based its dismissal sanction on Ching's failure to attend an appointment with an independent medical examiner to determine the extent of his eye injuries. The district court also found that Ching had unduly delayed the litigation through a series of motions for extension.
 
 
 13
 We have directed the district court to evaluate five-factors when considering whether dismissal under Rule 37(b)(2) is an appropriate sanction for the violation of a discovery order:
 
 
 14
 1. the public's interest in expeditious resolution of litigation;
 
 
 15
 2. the court's need to manage its docket;
 
 
 16
 3. the risk of prejudice to the party seeking sanctions;
 
 
 17
 4. the public policy favoring disposition of cases on their merits; and
 
 
 18
 5. the availability of less drastic sanctions.
 
 
 19
 Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Prejudice to the party seeking sanctions and the availability of less drastic sanctions are the most critical factors. Id.
 
 
 20
 We review application of the five-factor test for abuse of discretion, while keeping in mind that the dismissal sanction should be used only in "extreme circumstances." U.S. for Use of Wiltec Guam v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir.1988). We review the record independently to determine whether the district court has abused its discretion. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). We address each of the factors in turn.
 
 
 21
 a. Expeditious Resolution of Litigation and the Court's Need
 
 
 22
 to Manage its Docket
 
 
 23
 These factors weigh slightly in favor of upholding the dismissal order. Beginning in July 1989, Ching filed numerous motions for extensions of discovery deadlines that added to the fifteen month delay. The defendants are hardly blameless. Not only did the defendants not object to any of Ching's motions for extensions, but they filed four motions for extensions themselves. CR 95, 157, and 163. The magistrate also stayed the proceedings on his own motion on November 2, 1989 so that he could catch up with the proceedings. CR 93 and 100. It is only from October 1990 through March 1991 that the delays seem to be solely attributable to Ching's motions.
 
 
 24
 Regardless of the fault of the parties, delaying litigation for six months without other abuses has generally not been found to be sufficient grounds for a dismissal. Sykes v. United States, 290 F.2d 555, 557 (9th Cir.1961) (seven months of inactivity did not justify dismissal where there was no evidence of an intent to abandon the case).
 
 
 25
 b. Prejudice
 
 
 26
 "Delay alone, without a focus on its effects, will not justify dismissal or default." Wanderer, 910 F.2d at 656. The district court failed to identify any significant prejudice to the defendants apart from delay. Delay does not hinder the defendants' ability to present their case. In fact, Ching probably suffers more from the degradation of witness memories.
 
 
 27
 We do not view Ching's failure to attend the scheduled medical exam as trivial. If Ching were not indigent, the appropriate sanction would be to require Ching to bear the cost of the missed appointment. See In Re Rubin, 769 F.2d 611, 618 (9th Cir.1985) (costs associated with discovery violations justified monetary sanctions but not dismissal).
 
 
 28
 c. Public Policy
 
 
 29
 Regardless of the merits of Ching's case against the hospital, he should be allowed additional time for discovery since he has not had an opportunity to discover evidence to support his claim of deliberate indifference on the part of Dr. Hyde in treating him.
 
 
 30
 Ching's other claim that prison officials were deliberately indifferent to the danger that other inmates would attack him is apparently grounded in law and fact. See, e.g., Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir.1984) (inmate stated a claim for relief through allegations that guard told other inmates that he was a snitch, causing the other inmates to harass him). Ching has presented documentary evidence supporting his allegations that he was repeatedly harassed and threatened as a result of the rumor that he was a hepatitis carrier. He told prison officials of these threats, and repeatedly requested a transfer to safer quarters, but his requests were ignored.
 
 
 31
 d. Alternatives to Dismissal
 
 
 32
 The district court concluded that alternatives to dismissal were not available because Ching was indigent and could not pay fines and he had previously been warned that failure to attend the medical exam would result in sanctions. The district court could have held a hearing to examine the validity of Ching's excuses for missing the medical exam before dismissing. Dismissal of a pro se complaint without an opportunity to show cause or explain why dismissal is inappropriate has been held to be an abuse of discretion. Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C.Cir.1988). Without a hearing to examine the reasons for Ching's failure to attend the medical exam, it is not clear that he would not have responded to warnings by the district court.
 
 
 33
 On balance, the five-factor analysis demonstrates an abuse of discretion in dismissing Ching's complaint. While we recognize the burgeoning caseload faced by the district court, the delay in Ching's litigation added only incrementally to its docket. The defendants suffered little prejudice from the delay. Conversely, Ching suffers greatly from the dismissal order. Public policy favors granting Ching the chance to have his claims resolved on the merits, while other alternatives should have been more fully explored before dismissing. Ching's transgressions do not constitute the type of "extreme circumstances" mandating dismissal as a sanction. Accordingly, we find that the district court abused its discretion by dismissing Ching's claim.
 
 2. Summary Judgment for Pinal General
 
 34
 The district court's grant of summary judgment was based on Ching's failure to respond to the hospital by the November 5 deadline. For the same reasons that we reverse the imposition of the dismissal sanction, we hold that the district court abused its discretion by denying Ching additional time to respond to the hospital's summary judgment motion. On remand, the district court should give Ching a reasonable period to respond to the summary judgment motion. If Ching fails to meet this deadline, then entry of summary judgment for the hospital would be appropriate.
 
 II. The 1989 Case
 
 35
 Ching filed a separate complaint in January 1989 against Samuel Lewis, Arizona Department of Corrections Director, prison administrator Ted Jolly, and Drs. Scalzo, Weekly, and Cardin. Ching alleged (1) delay in delivering prescription medicine; (2) delay of emergency dental treatment for over one year; (3) being forced to wait in the hot sun for sick call; and (4) obstruction of access to the courts via failure to provide postage despite his indigent status.
 
 A. Summary Judgment
 
 36
 On October 17, 1989, all of the defendants except for Dr. Cardin moved for summary judgment. The district court ordered Ching to respond by November 19, 1990, a little more than one month after he had been released from prison. The district court denied Ching's motion for additional time and granted the summary judgment motion.
 
 
 37
 Once again, we hold that it was an abuse of discretion not to give Ching additional time to respond to the defendants' summary judgment motion following his release from prison. The district court should grant Ching a reasonable period of time to respond to this second summary judgment motion. Failure to respond within the allotted time would warrant entry of summary judgment for the prison officials and doctors.
 
 
 38
 B. Dismissal of Complaint Against Dr. Cardin
 
 
 39
 The district court dismissed Ching's complaint against Dr. Cardin, the dentist who treated his wisdom teeth, for failure to serve the complaint within 120 days as required by Fed.R.Civ.P. 4(j). Rule 4(j) allows for discretionary tolling of the 120 day period if the petitioner demonstrates good cause for the failure to effectuate service. The district court abused its discretion by declining to find good cause here.
 
 
 40
 The magistrate had ordered the U.S. Marshal service to serve Dr. Cardin with Ching's complaint since he was proceeding I.F.P. Ching provided the Marshal with Cardin's work address at the Arizona Department of Corrections. An indigent prisoner may rely on the U.S. Marshal to take reasonable steps to serve his complaint. McGuckin v. Smith, 974 F.2d 1050, 1058 (9th Cir.1992). The Marshal merely returned the complaint after discovering that Dr. Cardin was no longer employed with the Department of Corrections. The Marshal never even took the additional step of searching for Dr. Cardin in the Arizona Registry of Dentists.
 
 
 41
 If after reasonable efforts have been made to serve Dr. Cardin it appears that further attempts would be futile, dismissal of the complaint would be appropriate. Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (9th Cir.1986).
 
 CONCLUSION
 
 42
 For the reasons stated above, we affirm in part and reverse in part and remand for further proceedings consistent with this disposition.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3